294 F.2d 744
 CHRONICLE PUBLISHING CO., Appellant,
v.
NATIONAL BROADCASTING COMPANY, Inc., a corporation, et al.,
Appellees.
CHRONICLE PUBLISHING CO., petitioner,
v.
The Honorable George B. HARRIS, Judge of the United States
District Court of the Northern District of
California, Southern Division, Respondent.
 Nos. 17208, 17277.
 United States Court of Appeals Ninth Circuit.
 July 25, 1961.
 
 Cooper, White & Cooper by Sheldon G. Cooper and James B. Schnake, San Francisco, Cal., and Cox, Langford, Stoddard & Cutler by Lloyd N. Cutler, Arnold M. Lerman, Samuel A. Stern, Atthur Z. Gardiner, Jr., Wasington, D.C., for appellant-petitioner.
 Pillsbury, Madison & Sutro, John A. Sutro, James Michael, Noble K. Gregory, George A. Sears, San Francisco, Cal., Schnader, Harrison, Segal & Lewis, Bernard G. Segal, Jerome J. Shestack, Philadelphia, Pa., for appellees Nat. Broadcasting Co., Inc., and Radio Corp. of America.
 Dunne, Dunne & Phelps, A. B. Dunne, Louis L. Phelps, San Francisco, Cal., Regan, Goldfarb, Powell & Quinn, Sidney P. Howell, Jr., New York City, for appellee RKO General, Inc.
 Pillsbury & Dunlap, Edwin S. Pillsbury, San Francisco, Cal., Pierson, Ball & Dowd, Hrold D. Cohen, Washington, D.C., for appellee San Francisco-Oakland Television, Inc.
 Pillsbury & Dunlap, Edwin S. Pillsbury, San Francisco, Ca., for appellees Ward D. Ingrim, William D. Pabst, Willet H. Brown, Stoddard P. Johnston and Harry R. Lubcke.
 Pillsbury & Dunlap, Edwin S. Pillsbury, San Francisco, Ca., Orris R. Hedges, Los Angeles, Ca., for appellee Edwin M. Pauley.
 James Michael, Louis L. Phelps, Edwin S. Pillsbury, San Francisco, Cal., for respondent, the Honorable George B. Harris.
 Before HAMLEY, MERRILL and KOELSCH, Circuit Judges.
 MERRILL, Circuit Judge.
 
 
 1
 In these two cases, consolidated for our consideration, Chronicle Publishing Company challenges the propriety of anorder of the district court staying further proceedings in a private antitrust action brought by Chronicle against National Broadcasting Company. In case number 17208 the challenge is by direct appeal and the matter is before us upon appellee's motion to dismiss the appeal upon the ground that it is taken from a nonappealable order. In case number 17277 the challenge is by petition for writ of mandamus directing the district court to vacate its stay order and permit proceedings in the case below to continue.
 
 
 2
 NBC has entered into a contract to acquire from San Francisco-Oakland Television, Inc., its television station KTVU. The Chronicle owns station KRON-TV, which has for years been the San Francisco outlet for NBC programs. Should NBC acquire KTVU, that station as a matter of course will become the NBC outlet for the San Francisco area. The Chronicle will lose that valuable connection.
 
 
 3
 In the case below Chronicle alleges that NBC has, in violation of 1 and 2 of the Sherman Act, 15 U.S.C.A. 1, 2, engaged in a course of conduct designed to suppress competition in the sale of program and broadcast time; that acquisition by NBC of station KTVU and certain other stations sought by it throughout the country may tend to substantially lessen competition in specified lines of commerce in violation of 7 of the Clayton Act, 15 U.S.C.A. 18.
 
 
 4
 Before NBC can acquire KTVU, it must secure the approval of the Federal Communications Commission. It has applied to that agency for approval and those proceedings are pending. In those proceedings Chronicle has filed objections to the granting of approval and is taking an active part in support of its position.
 
 
 5
 The order here challenged stays all further proceedings in the case below until after the final determination by the FCC of the proceedings before it upon NBC's application. The stay order does reserve to Chronicle the right to 'hereafter apply for an injunction pendente lite to preserve the asserted status quo.'
 
 
 6
 The first question presented is that raised by appellees' motion to dismiss the appeal in case number 17208: whether the stay order is an appealable order. If so, it must come within the provisions of 28 U.S.C. 1292.[1] The question thus is whether this order can, under that section, be regarded as an injunction.
 
 
 7
 Enelow v. New York Life Insurance Company, 1935, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, provides the rule. There, at pages 381-382 of 293 U.S. at page 311 of 55 S.Ct. it is stated:
 
 
 8
 'This section (the predecessor to 28 U.S.C. 1292(a)) contemplates interlocutory orders or decrees which constitute an exercise of equitable jurisdiction in granting or refusing an injunction, as distinguished from a mere stay of proceedings which a court of law, as well as a court of equity, may grant in a cause pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice.'
 
 
 9
 Enelow was an action at law upon a life insurance policy. Defendant pleaded the equitable defense of fraud, prayed for cancellation and moved to have the equitable issue raised by its defense determined by a chancellor in advance of a jury trial of the legal issues. The district court so ordered. The supreme court held this order appealable, stating at page 382 of 293 U.S. at page 311 of 55 S.Ct.
 
 
 10
 'The power to stay proceedings in another court appertains distinctively to equity in the enforcement of equitable principles, and the grant or refusal of such a stay by a court of equity of proceedings at law is a grant or refusal of an injunction within the meaning of 129.'
 
 
 11
 Shanferoke Coal & Supply Corporation of Delaware v. Westchester Service Corporation, 1935, 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583, decided the same day as the Enelow case, involved an action at law upon a contract. Defendant, as a special defense, alleged that plaintiff had a duty to arbitrate and moved that the action be stayed pending arbitration. The supreme court held that the setting up of the arbitration agreement was an equitable defense for purposes of the Enelow rule and that the stay order was appealable as an injunction.
 
 
 12
 The rule of these cases has since been narrowly construed by the supreme court. We read Schoenamsgruber v. Hamburg-American Line, 1935, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989; City of Morgantown, West Virginia v. Royal Insurance Company, 1944, 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347; and Baltimore Contractors v. Bodinger, 1955, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233, as confining the rule of the Enelow and Shanferoke cases to those cases in which a defense equitable in its nature has been made the basis of a stay in an action which, before fusion of law and equity, was by its nature and action at law. Lyons v. Westinghouse Electric Corporation, 2 Cir., 1955, 222 F.2d 184 (majority opinion of Judge Medina) is to this effect.
 
 
 13
 The stay order here challenged was not granted pursuant to any equitable defense.
 
 
 14
 In Day v. Pennsylvania Railroad Company, 3 Cir., 1957, 243 F.2d 485, an action for damages was stayed pending the outcome of proceedings before the National Railroad Adjustment Board. The court, following the holdings of the supreme court in the cases heretofore cited, held that the ruling was 'a step in controlling the litigation before the trial court' and not the granting of a temporary injunction. The court stated at page 487 of 243 F.2d:
 
 
 15
 'The distinction has been long recognized and it is well settled that the grant or denial of a stay of proceedings to await the determination of matters pending elsewhere is not an order granting or refusing an injunction and hence is not appealable.'
 
 
 16
 To the same effect is United Gas Pipe Line Company v. Tyler Gas Service Company, 5 Cir., 1957, 247 F.2d 681.
 
 
 17
 In case number 17208, the appeal is dismissed.
 
 
 18
 In case number 17277, the proceeding in mandamus, the issue is whether the action of the district court in granting the stay amounts to an abuse of discretion and constitutes an unjustified refusal to proceed to trial in the pending antitrust action.
 
 
 19
 Chronicle concedes that the district court has the general power to stay proceedings on equitable principles pending the outcome of some other proceeding. It contends, however, that equitable principles have not been shown to apply here and further that in the area of private antitrust litigation where the district court has exclusive jurisdiction, it should not by stay defer to other pending proceedings.
 
 
 20
 Chronicle emphasizes that in antitrust litigation a significant public interest is involved and that the stay thus amounts to more than restraint on a litigant. It asserts that the stay constitutes frustration of congressional purpose and permits a course of conduct causing injury (public as well as private) to continue without the concern of the court.
 
 
 21
 Chronicle relies upon Lyons v. Westinghouse, supra, where by writ of mandamus a district court stay was ordered vacated. In that case a private antitrust action was stayed pending the outcome of a state action between the same parties. The state action was for accounting with an unlawful antitrust conspiracy alleged as a defense. The majority of a divided court held that the stay constituted an abuse of discretion. Judge Hand, for the majority, stated at page 189 of 222 F.2d:
 
 
 22
 'In the case at bar it appears to us that the grant to the district courts of exclusive jurisdiction over the action for treble damages should be taken to imply an immunity of their decisions from any pre-judgment elsewhere; at least on occasions, like those at bar, where the putative estoppel includes the whole nexus of facts that makes up the wrong. The remedy provided is not solely civil; two thirds of the recovery is not remedial and inevitably presupposes a punitive purpose. It is like a qui tam action, except that the plaintiff keeps all the penalty, instead of sharing it with the sovereign. There are sound reasons for assuming that such recovery should not be subject to the determinations of state courts. It was part of the effort to prevent monopoly and restraints of commerce; and it was natural to wish it to be uniformly administered, being national in scope. * * * Obviously, an administration of the Act, at once effective and uniform, would best be accomplished by an untrammeled jurisdiction of the federal courts.'
 
 
 23
 Judge Hand concluded at page 190 of 222 F.2d:
 
 
 24
 'For these reasons we think that the situation is one where the delay and expense of a double trial of the same issue, do not balance the importance of an uncommitted enforcement of the remedy provided in 15.'
 
 
 25
 These quotations, in our view, serve to distinguish the Lyons case from the case at bar. In the case before us the issue before the Federal Communications Commission is whether the acquisition of KTVU is, from the point of public convenience and necessity, desirable in the public interest. Antitrust considerations may well bear upon the problem, but the decision is not one in antitrust. We are not then concerned with pre-judgment upon the antitrust issues or with collateral impingement upon the judicial antitrust function.
 
 
 26
 The question remains whether, upon a weighing of all of the valid considerations presented by this case-- those relating to the equities of the parties and also to the orderly course of justice-- a determination that the balance falls in favor of a stay must be held to constitute abuse of discretion.
 
 
 27
 Chronicle asserts that NBC has not presented any facts establishing equities in its favor or a case of hardship and that a stay should not be granted in absence of such a showing, citing Landis v. North American Company, 1936, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153.
 
 
 28
 In our view, the known facts speak for themselves in respect both to hardship and to the orderly course of justice.
 
 
 29
 We note that while in our case the acquisition of KTVU is to be examined by the district court and by the Federal Communications Commission from two distinct points of view, the facts material to each examination may in large part be the same. We are then confronted with the prospect of two tremendously complex proceedings simultaneously assembling the same factual data in painstaking detail for the purpose of considering these facts from different points of view. The situation is one which cries out for the elimination of wasteful duplication of effort. If the mechanics of justice are not to be wholly overwhelmed by the steadily increasing burden of complex antitrust litigation, means must be found for easing that burden. The elimination of unnecessary duplication does not appear unreasonable under these circumstances. To hold otherwise might well, as a practical matter, defeat the very end sought. Instead of hastening the court's determination in this particular case, such a rule of practice may result in delay in this and other protracted cases solely by virtue of calendar congestion. The burden of such duplication of effort is not, of course, borne by the courts alone. It is borne as well by the litigants and their counsel.
 
 
 30
 In dealing with the propriety of a stay while a complicated test case proceeded to judgment, the supreme court stated in Landis v. North American Company, 299 U.S. 248, 256, 57 S.Ct. 163, 166, 81 L.Ed. 153:
 
 
 31
 'We must be on our guard against depriving the processes of justice of their suppleness of adaptation to varying conditions. Especially in cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences, if the public welfare or convenience will thereby be promoted. In these Holding Company Act cases great issues are involved, great in their complexity, great in their significance. On the facts there will be need for the minute investigation of intercorporate relations, linked in a web of baffling intricacy. On the law there will be novel problems of far-reaching importance to the parties and the public. An application for a stay in suits so weighty and unusual will not always fit within the mould appropriate to an application for such relief in a suit upon a bill of goods. True, a decision in the cause then pending in New York may not settle every question of fact and law in suits by other companies, but in all likelihood it will settle many and simplify them all.'
 
 
 32
 The dissenting opinion of Judge Medina in Lyons v. Westinghouse, supra, discusses the same problem in an antitrust setting.
 
 
 33
 Further, of substantial weight, is the fact that KTVU cannot be transferred without approval of FCC. It would not appear to be asking overmuch of Chronicle to await the occurring of this condition precedent before complaining of the antitrust aspect of the acquisition.
 
 
 34
 Chronicle points out that the injuries it alleges are not confined to the fact of acquisition; that there are other elements of injury now being suffered and that its claim for relief would not be rendered moot by FCC's rejection of NBC's application. The fact remains that Chronicle's main concern and the greatest element of alleged injury, public and private, is the impending KTVU acquisition by NBC. The remaining factors, it is true, remain in the balance, but the weight is substantially diminished.
 
 
 35
 In United Gas Pipe Line Company v. Tyler Gas Service Company, supra, an action had been brought to recover rate increases. The applicable rate was in dispute and proceedings to establish it were pending on appeal from a ruling of the Federal Power Commission. The district court granted a stay until determination of that appeal, and the stay order was challenged as an abuse of discretion. The court of appeals refused to grant mandamus. It stated, at page 684 of 247 F.2d:
 
 
 36
 'To a large extent the problems are intertwined with or may likely be affected by the matters which are now pending in the review of administrative proceedings in the Court of Appeals for the District of Columbia.
 
 
 37
 'This was not then the simple case of a judge merely wishing to shoulder off onto another court or courts the agony of decision in a case fully ripe for action by him. Until that pending administrative proceeding should be determined, it was impossible for him to conclude that such ultimate action might not, if Tyler Gas were wholly or partially successful, destroy altogether or substantially the 'filed' rate upon which United sought its money judgment.'
 
 
 38
 We conclude that the granting of a stay to await the outcome of pending FCC proceedings did not constitute an abuse of discretion.
 
 
 39
 Chronicle contends that the stay order is excessive in point of time-- that it will be months, if not years, before FCC's proceedings terminate and the case below may proceed. It cites Landis v. North American Company, supra, where it is stated at page 257 of 299 U.S. at page 167 of 57 S.Ct.:
 
 
 40
 'The stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description.'
 
 
 41
 In Landis the stay encompassed the sucessive determinations of three tribunals: the district court, the court of appeals and the supreme court. The stay was modified by the supreme court to cover only the district court proceeding. In the case before us, the stay relates only to the proceedings before the FCC. If the stay, even so limited, be a protracted one, it is only because the subject matter of the proceedings is highly complex and it is the avoidance of a duplication of that very complexity that serves in part to justify the stay. Under the circumstances, we do not regard the stay as immoderate in length. It could hardly be made shorter and still accomplish its purpose.
 
 
 42
 Chronicle contends that the stay is excessive in its scope; that it should have been limited to a stay of trial and should not apply to pre-trial discovery. We do not regard the failure of the district court so to limit the stay as an abuse of discretion. As we have heretofore noted, the avoidance of unnecessary duplication of effort in such matters as these is a valid consideration. To be effective, pretrial as well as trial proceedings must be taken into consideration.
 
 
 43
 Finally, Chronicle contends that the stay order goes too far in not permitting discovery in aid of interlocutory relief. The order, as we have noted reserves to Chronicle the right to apply for an injunction to preserve 'the asserted status quo.' After entry of the order, Chronicle moved to clarify or amend it.[2] This motion was denied without comment by the court, and Chronicle assumes from this action that discovery in aid of a motion for injunction to preserve the status quo would be denied.
 
 
 44
 We do not so construe the court's action. Chronicle by its motion sought the right to 'discovery now' in connection with some yet undeveloped need for interlocutory protection. The court may well have felt that should the need for an injunction become apparent, Chronicle will at that point have ample time to secure temporary relief protecting its right to discovery upon the injunction issue. We do not regard the court's refusal to commit itself at this time as improper or prejudicial to Chronicle's right to seek interlocutory relief when that need should become apparent.
 
 
 45
 In case number 17,277, the writ of mandamus is denied.
 
 
 
 [1]
 '(a) The courts of appeals shall have jurisdiction of appeals from:
 '(1) Interlocutory orders of the district courts of the United States * * * or the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions * * *.'
 
 
 [2]
 The written motion stated:
 'If Plaintiff's right to apply for a preliminary injunction is to have any meaning, Plaintiff must be allowed to conduct the discovery necessary to prepare its motion and the required supporting affidavits and to present its proof in an orderly manner at the hearing. Indeed, Plaintiff cannot have a fair hearing without its right to discover. Further, permitting discovery now will help to sharpen the issues to be framed and will greatly assist in shortening the hearing, thus reducing the burden on both litigants and the Court.' The motion asserted that:
 '* * * the Order is silent with respect to the right to conduct such discovery, and Plaintiff cannot rely on its assumption of the intention of the Court. Any uncertainty should be resolved by clarification or amendment of the Order of September 21, 1960.'