300 F.2d 265
 Petition of CMAX, INC., For a Writ of Mandamus, Peitioner,
v.
Honorable Peirson M. HALL, Chief Judge of the United States
District Court for the Southern District of
California, Central Division, Respondent.
 No. 17517.
 United States Court of Appeals Ninth Circuit.
 March 19, 1962.
 
 Phil Jacobson, H. J. Bischoff, Los Angeles, Cal., for petitioner.
 Dunlap, Holmes, Ross & Woodson, John W. Holmes, Pasadena, Cal., for respondent Drewry Photocolor Corp., real party in interest.
 Before BARNES, HAMLEY and DUNIWAY, Circuit Judges.
 HAMLEY, Circuit Judge.
 
 
 1
 In this mandamus proceeding, CMAX, Inc., seeks to vacate a district court order postponing the trial of petitioner's action against Drewry Photocolor Corporation.
 
 
 2
 CMAX is an air freight forwarder (indirect air carrier) operating under Civil Aeronautics Board authority and regulations.[1] On December 15, 1959, it instituted an action against Drewry in the United States District Court for the Southern District of California, Central Division. It was alleged in the complaint that between January, 1955 and February, 1957, CMAX had received certain shipments from Drewry, that the proper charges under plaintiff's tariffs for the service rendered with regard to these shipments was $28,781.85, but that only $16,085.76 had been received. CMAX sought to recover the difference of $12,696.09, invoking district court jurisdiction under 28 U.S.C. 1337 and 49 U.S.C.A. 1373.[2]
 
 
 3
 Drewry answered, setting up certain defenses. Plaintiff and defendant moved for summary judgment but both motions were denied. Pretrial proceedings were then had. CMAX answered all requests for admissions and all interrogatories submitted and propounded by Drewry. On May 1, 1961, the district court signed a pretrial conference order, under provisions of Local Rule 9 of the United States District Court for the Southern District of California, Central Division, West's Ann.Code. On the same day the cause was set for trial on June 6, 1961.
 
 
 4
 On May 18, 1961, the bureau of enforcement of the Civil Aeronautics Board instituted an enforcement proceeding against CMAX.[3] That proceeding was based on a complaint, signed by the Board's enforcement attorney. It was therein alleged that, since January 1, 1955, CMAX had charged, demanded, collected or received a greater or less or different compensation than the rates and charges specified in its applicable tariffs, for air transportation or services rendered to thirty named shippers. Included among these shippers was Drewry.[4]
 
 
 5
 As a further ground for the enforcement proceeding, it was alleged in the enforcement attorney's complaint:
 
 
 6
 '5. Since approximately August, 1959, and continuing to the present, Respondent has demanded additional payments from various shippers, including but not limited to, those enumerated in paragraph 3 above, allegedly for the purpose of effecting compliance with the Act by adjustment of the differences between the rates and charges improperly assessed at the time of shipment, as charged in paragraphs 4C and 4D above, with the rates and charges for the services rendered, as specified in Respondent's tariffs that were effective at the time of shipment; however, certain of these claimed adjustments have not been in accordance with Respondent's tariffs, effective at the time of shipment.'
 
 
 7
 The relief requested by the enforcement attorney was revocation of all operating authority previously granted to CMAX, and such other and further relief as the Board might deem proper. In the petition for enforcement filed by the Board's bureau of enforcement on the basis of this complaint, the purpose of the proceeding was stated as follows:
 
 
 8
 '* * * so that the Board may determine whether any violations have been or are being committed as alleged in said complaint, and whether the relief requested therein should be granted.'
 
 
 9
 Eight days after this Board proceeding was instituted, Drewry gave notice that it would move in the district court for a continuance of the trial in CMAX v. Drewry to a date subsequent to the completion of the proceedings before the Civil Aeronautics Board. This motion was supported by an affidavit of one of Drewry's attorneys. It was therein alleged that there were then pending, in that district court, at least twelve actions against various shippers by CMAX, in which the latter was seeking recovery for alleged undercharges. It was further alleged that CMAX had made similar demands against many of the other shippers listed in the administrative complaint, and that the total recoveries being sought by CMAX were in excess of $500,000.
 
 
 10
 It was also alleged in the affidavit of this attorney that in the Board proceeding there will be a comprehensive investigation as a result of which there will be developed and made available for the information of the district court the facts and circumstances concerning the practices followed by CMAX in undercharging customers. The demands being made by CMAX, it was alleged, involve a great variety of circumstances and intricate factual situations suggesting a program of willful and intentional abuse of the position of CMAX as a freight forwarder. It was further alleged that if the Board proceeding results in an order depriving CMAX of its operating authority,
 
 
 11
 '* * * a serious legal question will arise as to whether CMAX is entitled to pursue its former customers on the theory that it is obligated by its duty as a common carrier to correct alleged undercharges.'[5]
 
 
 12
 Drewry's motion to postpone the trial was argued on June 6, 1961, and on that day granted. The motion was granted on the ground that the Board proceeding might result in an order which would affect this and other pending district court actions in which CMAX is seeking to collect asserted undercharges.[6] The order setting the trial for June 6, 1961 was vacated, the trial 'to be reset on written notice.' CMAX then commenced this mandamus proceeding.[7]
 
 
 13
 A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants. The exertion of this power calls for the exercise of a sound discretion. Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. See Landis v. North American Co., 299 U.S. 248, 254-255, 57 S.Ct. 163, 81 L.Ed. 153.
 
 
 14
 Where the district court, upon a consideration of such factors, grants a stay, such action may be tested in this court by way of mandamus. See Chronicle Publishing Co. v. National Broadcasting Co., 9 Cir., 294 F.2d 744. But mandamus is a drastic remedy to which resort should be had only in extraordinary cases. La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290. The granting of such a writ is discretionary with this court, and such relief will not be accorded when to do so would work a substantial hardship on the affected parties. United States v. Carter, 9 Cir., 270 F.2d 521, 524. Even where hardship will not result from the granting of a writ, this will not be done except upon a strong showing that the district court has abused its discretion. Chronicle Publishing Co. v. National Broadcasting Co., 294 F.2d at 747.
 
 
 15
 Arguing that the district court has abused its discretion in granting the stay here in question, CMAX asserts, in effect, that the proceeding before the Civil Aeronautics Board cannot resolve any of the issues which must be decided in the case of CMAX, Inc. v. Drewry Photocolor Corp., and that the delay in the latter proceedings will result in irreparable injury to CMAX and in a miscarriage of justice.
 
 
 16
 If in fact there is a fair possibility that a stay of the district court proceeding will result in irreparable injury and a miscarriage of justice, petitioner's prospect of showing an abuse of discretion would be considerably increased. As stated in Landis v. North American Co., 299 U.S. 248, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153.
 
 
 17
 '* * * the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.'
 
 
 18
 But CMAX has not made a strong showing in support of its assertion that it will suffer irreparable damage and a miscarriage of justice. The relief which it seeks in the district court action is money damages. A delay in the trial will delay any such recovery. Whether petitioner will be deprived of interest on any amount which might be recovered during the period in which entry of judgment is delayed, we do not undertake to say.
 
 
 19
 But this, in any event, would be the extent of its damage. CMAX states that all discovery proceedings have been concluded, and hence there is presumably no problem of preserving evidence. If there were such a problem, application could be made in the district court to permit further discovery proceedings.
 
 
 20
 It may be that CMAX will be prejudiced by the delay in the sense that evidence will be obtained, or rulings made, as a result of the Board proceedings, which will adversely affect the claims which CMAX asserts in the district court. But this is not the kind of prejudice which should move a court to deny a requested postponement. If CMAX is prejudiced by such an eventuality it will be because the Board proceedings demonstrate a weakness in its case. And if its case is weak, justice will be served by having that fact revealed prior to the district court trial.[8]
 
 
 21
 No impressive showing of irreparable damage or injustice having been made we are not inclined to judge the stay order with a critical eye. Absent such a showing there is little incentive to substitute our judgment for that of the district court in such matters as this.
 
 
 22
 The district court did not undertake to state just what could result from the Board proceeding which would be helpful in deciding the district court case. Petitioner argues that no evidence or finding of fraud on the part of CMAX, or excusatory circumstances on the part of shippers, developed in the Board proceeding, could provide a defense against CMAX's claim in the district court action.[9]
 
 
 23
 Petitioner may or may not be right as to this. But at the very least, the Board proceeding will provide a means of developing comprehensive evidence bearing upon the highly technical tariff questions which are likely to arise in the district court case. Moreover, if that proceeding should result in a revocation of CMAX's operating authority, the district court will be enabled to explore the effect thereof on that carrier's standing to collect past undercharges. If the district court trial should proceed now, and result in a judgment for CMAX, Drewry would be deprived of this possible defense or, at best, would have to assert it in supplemental proceedings.
 
 
 24
 To these considerations must be added the fact that several other similar cases are now pending in the same district court, and more are likely to be filed in the near future. In the interests of uniform treatment of like suits there is much to be said for delaying the frontrunner. The parties thereto will then have the same relative advantages or disadvantages which prior disposition of the Board proceeding will confer upon these other cases. Apart from this element of fairness, the pendency and prospective filing of these other like suits gave the district court a special incentive to accept any aid which might reasonably be forthcoming as a result of the Board proceedings.
 
 
 25
 We find no abuse of discretion in the action of the district court in delaying trial of CMAX, Inc. v. Drewry Photocolor Corporation, until the further order of that court. Should there be substantial change of circumstances indicating that the trial should not be further delayed, CMAX may seek a district court order resetting the case for trial.
 
 
 26
 The petition for a writ of mandamus is denied.
 
 
 
 [1]
 The regulations under which CMAX held its authority are 14 C.F.R. 296.1(a), 296.2(a) and 296.43
 
 
 [2]
 In a second count stated in the complaint, CMAX sought recovery of the same amount on the alternative theory that it was a sum due upon an open book account. The court granted Drewry's motion for judgment on the pleadings as to the second count, and CMAX appealed. We dismissed the appeal as premature, holding that the order did not fall within Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A. CMAX, Inc. v. Drewry Photocolor Corporation, 9 Cir. 295 F.2d 695. In the mandamus proceeding now before us we are not concerned with this alternative claim
 
 
 [3]
 This proceeding is entitled: In the Matter of City Messenger Service of Hollywood, Inc. d/b/a City Messenger Air Express and/or C.M.A.X., Docket 12446
 
 
 [4]
 It was alleged that CMAX had submitted to the Board for filing, revised pages to its tariffs, in which the rates actually collected were set out. It was further alleged that notwithstanding the fact that these revised pages were rejected by the Board, CMAX accepted business on the basis of the rejected tariff revisions. It was also alleged that CMAX had rendered services and assessed charges on rates which were not specificed in either its effective tariffs, or in any rejected tariff pages
 
 
 [5]
 Attached to this affidavit was a letter this attorney had received from the Board's bureau of enforcement, reading in part as follows:
 'We wish to advise you that at such time as this matter may go to hearing, considerable documentary evidence in possession of the shippers doubtlessly will be required, and should be made available prior to hearing date. Therefore, we request your assistance in preserving all evidence relating to this matter, and ask that such be supplied as it may be required in connection with the development of this case.'
 
 
 [6]
 The district court said, in part:
 'I cannot tell and I do not wish to be understood now as giving any indication as to whether or not the Civil Aeronautics Board does or does not have authority to make an order directing the plaintiff here to discontinue these suits or to make a determination as to the amount of charges or any other factual consideration. I will not undertake to determine that until such an order comes or is brought lawfully before me. That in the meantime I think that that proceeding can continue until the order is made and it is concluded.'
 
 
 [7]
 We granted the motion for leave to file the petition, treating it as a petition for a peremptory writ. The district court was requested to respond to the petition on a date certain ten days before the argument on the merits in this court. Following the procedure provided in Rule 31(3) of the Rules of the Supreme Court of the United States, 28 U.S.C.A., made applicable in this court by our Rule 8(2), 28 U.S.C.A., Drewry, as the real party in interest, rather than the district judge, filed the response to the petition
 
 
 [8]
 CMAX calls attention to the statment in Landis v. North American Co., 299 U.S. 248, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153, that:
 '* * * Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.'
 But that observation is not applicable in the case before us because CMAX is a litigant in the Board proceedings and will have its say before administrative findings and conclusions are entered.
 
 
 [9]
 In support of this view petitioner cites Louisville & N.R. Co. v. Central Iron & Coal Co., 265 U.S. 59, 44 S.Ct. 441, 68 L.Ed. 900; Louisville & N.R. Co. v. Maxwell, 237 U.S. 94, 35 S.Ct. 494, 59 L.Ed. 853; F. Burkhart Mfg. Co. v. Fort Worth, etc., Ry. Co., 8 Cir., 149 F.2d 909; Pettibone v. Richardson, 7 Cir., 126 F.2d 969