NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JES SOLAR COMPANY LIMITED, a South Korean Corporation; AIRPARK COMPANY LIMITED, a South Korean Corporation; HANKOOK TECHNOLOGY INCORPORATED, a South Korean Corporation, | No.    21-16015<br><br>D.C. No. 4:12-cv-00626-DCB |
| Plaintiffs-Appellants, | MEMORANDUM* |
| v. | |
| S. CHIN KIM, husband and TONG SOO CHUNG, husband | |
| Defendants-Appellees, | |
| and | |
| MATINEE ENERGY INCORPORATED, a Nevada Corporation; SAMSUN LLC, a Virginia limited liability company; KIM, First Name Unknown; named as Jane Doe Kim, wife; JOHN S. LEE, husband; LEE, First Name Unknown; named as Jane Doe Lee, wife; KIM, First Name Unknown; named as Jane Doe Kim, wife; PAUL JEOUNG, husband; JEOUNG, First Name Unknown; named as Jane Doe Jeoung, wife; CHUNG, First Name Unknown; named as Jane Doe Chung, wife; UNKNOWN PARTIES, named as John Does I-V; Jane | |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Does I-V; Black Partnerships I-V; and White Corporations I-V; CHUN RAE KIM, husband

Defendants.

Appeal from the United States District Court
for the District of Arizona
David C. Bury, Senior District Judge, Presiding

Submitted April 11, 2022[**]
San Francisco, California

Before: BYBEE and R. NELSON, Circuit Judges, and MORRIS,[***] District Judge.

Plaintiffs-Appellants JES Solar Company, Ltd., Airpark Company, Ltd., and Hankook Technology, Inc., (collectively, "Contractors") appeal the district court's decision to award attorneys' fees for Defendants-Appellees S. Chin Kim ("Kim") and Tong Soo Chung ("Chung"). Contractors also appeal the district court's decision to deny Contractors' motion for a stay of that award. Because the facts of this case are known to the parties, we repeat them only as necessary to explain our decision.

We review de novo any elements of legal analysis and statutory interpretation in the district court's award of attorneys' fees. *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1133 (9th Cir. 2002). We review findings of fact related to the award

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

21-16015

of attorneys' fees for clear error. *Id*. We review for abuse of discretion the district court's decision to deny Contractors' motion to stay. *United Steelworkers of Am. v. Ret. Income Plan for Hourly-Rated Emps.*, 512 F.3d 555, 563 (9th Cir. 2008).

1. The district court correctly concluded that Kim and Chung were eligible for an award of attorneys' fees under Arizona law. Arizona law provides that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Ariz. Rev. Stat. § 12-341.01(A). An action in tort may give rise to an award of attorneys' fees if the tort action could not exist "but for" the breach of the contract. *Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1141 (Ariz. 1982). A claim of fraudulent inducement to a contract will satisfy the "but for" test when the cause of action "could not have existed but for the fraudulently induced contract." *Marcus v. Fox*, 723 P.2d 682, 685 (Ariz. 1986).

The district court correctly applied the legal standard under *Sparks* and *Marcus*. We agree that Contractors' alter ego claim against Kim and Chung arose under contract. As was the case in *Marcus*, the tort of fraudulent inducement alleged by Contractors could not have existed but for the creation of contracts between Contractors and Matinee Energy, Inc. Contractors' efforts to pierce the corporate veil through their alter ego claim against Kim and Chung sought to hold Kim and Chung financially liable for fraudulent inducement of a contract and breach of contract. Piercing the corporate veil is not itself an independent action but a

3                                                                                    21-16015

procedural means of allowing liability on a substantive claim. *See, e.g.*, *Dietel v. Day*, 492 P.2d 455, 457 (Ariz. App. 1972). Contractors' alter ego claim sought to hold Kim and Chung accountable for claims arising from contract. We affirm the district court's holding that Kim and Chung were eligible for attorneys' fees under Arizona law.

2. The district court did not abuse its discretion in awarding fees to Kim and Chung. An award of attorneys' fees under Ariz. Rev. Stat. § 12-341.01 is discretionary. *Fulton Homes Corp. v. BBP Concrete*, 155 P.3d 1090, 1093 (Ariz. App. 2007). Trial courts consider the following factors when awarding fees under Ariz. Rev. Stat. § 12-341.01: 1) the merits of the claim of the unsuccessful party; 2) whether litigation could have been avoided or settled and the successful party's efforts were superfluous in achieving the result; 3) whether assessing fees imposes extreme hardship on the unsuccessful party; 4) whether the successful party prevailed with respect to all of the relief sought; 5) the novelty of the legal question presented, and whether such claim of defense had previously been adjudicated in this jurisdiction; and 6) whether an award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial attorneys' fees. *Assoc. Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985).

The district court properly concluded that the above factors weigh in favor of

granting attorneys' fees to Kim and Chung. Contractors pursued alter ego claims against Kim and Chung despite failing to provide evidence demonstrating Kim's or Chung's involvement, and Kim and Chung prevailed on all claims. The district court reasonably concluded that an award would not discourage tenable claims, but may discourage plaintiffs from pursuing frivolous claims after having had a full and fair opportunity to discover that their claims lack merit. It also noted that Kim and Chung experienced significant hardship from this litigation.

The district court also correctly determined that attorneys' fees need not be apportioned between claims because the conspiracy and alter ego claims were so intertwined that no need existed to apportion attorneys' fees. We agree that the legal work required to defend either claim consisted of proving or disproving whether evidence existed to show Kim and Chung knew of the fraudulent conduct perpetrated by Matinee and either controlled those activities or promoted them. Kim's and Chung's appeal of the district court's default judgment in favor of Contractors was a necessary condition for Kim and Chung to defend themselves against Contractors' alter ego claim. We affirm the district court's decision to grant attorneys' fees without apportionment.

3. Finally, the district court did not abuse its discretion in denying Contractors' motion to stay the award of attorneys' fees until after the conclusion of criminal proceedings against Matinee Energy's former-CEO Paul Jeoung and any South

Korean proceedings that might shed light on the role Kim and Chung played with Matinee Energy. A trial court may enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The best evidence available to the district court strongly suggests that Kim and Chung were not Jeoung's co-conspirators. The United States government had notified Kim and Chung that they were considered victims and entitled to restitution in Jeoung's criminal case.

"Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Among those competing interests are the hardship or inequity that a party may suffer in being required to go forward. *Id.* As discussed above, the district court considered the hardships imposed upon Kim and Chung by this litigation. Thus, we affirm the district court's determination that Contractors' motion for a stay was not warranted.

**AFFIRMED.**

21-16015