NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WELLS FARGO BANK, NATIONAL ASSOCIATION,

Plaintiff,

v.

ARMANDO CADENA SANTILLANA,

Defendant - Appellee,

v.

EXPEDITORS INTERNATIONAL OF WASHINGTON INC,

Defendant - Appellant.

No. 24-4706

D.C. No.
2:20-cv-00317-LK-BAT

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Lauren J. King, District Judge, Presiding

Argued and Submitted July 10, 2025
Seattle, Washington

Before: McKEOWN, PAEZ, and SANCHEZ, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Expeditors International of Washington, Inc. ("Expeditors Washington") appeals the district court's order disbursing to Armando Cadena Santillana ("Cadena") funds interpleaded by Wells Fargo Bank, N.A. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

After Wells Fargo filed the interpleader complaint in this action, Expeditors Washington filed a separate action ("the direct action") against Cadena. *See Expeditors Int'l of Wash., Inc. v. Santillana*, No. 2:20-CV-00349-LK (W.D. Wash.).[1] Presuming that resolution of the direct action would determine the rightful owner of the interpleaded funds, the district court stayed this interpleader action.

Ultimately, Expeditors Washington filed a Second Amended Complaint ("SAC") in the direct action in which it did not allege an ownership interest in the interpleaded funds nor any connection between those funds and its claims. The district court vacated the stay and disbursed the interpleaded funds to Cadena, finding that he had established a presumption of ownership over the Wells Fargo bank account, which Expeditors Washington had failed to rebut by demonstrating

---

[1] We grant the motion for judicial notice of court filings from the direct action, Dkt. 16, and take notice of this court's recent disposition in that matter, *Expeditors Int'l of Wash., Inc. v. Cadena*, No. 24-108 (9th Cir. Mar. 5, 2025). *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("[Courts] may take judicial notice of court filings and other matters of public record.").

that it had a superior claim to the funds. In doing so, the district court also denied Expeditors Washington further discovery.

Expeditors Washington argues that the district court erred in lifting the stay in the interpleader action because the ownership dispute had not been resolved in the direct action. We review for abuse of discretion the district court's decision to vacate a stay. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024).

Expeditors Washington further argues that the district court compounded its error by prohibiting discovery in the interpleader action and granting Cadena's motion to disburse the interpleaded funds despite the absence of a developed evidentiary record.

The district court treated Cadena's motion to disburse as a summary judgment motion under Rule 56 of the Federal Rules of Civil Procedure and we therefore review the court's order de novo. *Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 981 (9th Cir. 1999). However, we review the district court's decision not to permit additional discovery prior to granting summary judgment for abuse of discretion. *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010). We will not find an abuse of discretion unless the party seeking discovery "can show how allowing additional discovery would have precluded summary judgment." *Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002).

Interpleader's primary purpose is to protect neutral stakeholders of disputed funds, usually insurers or banks, from multiple liability or multiple litigation by consolidating litigation of the competing claims in a single action brought by the stakeholder. *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000); *see* 28 U.S.C. § 2361. "[T]he fund itself is the target of the claimants" and "marks the outer limits of the controversy." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 534 (1967).

Here, Expeditors Washington has asserted no viable interest in the interpleaded funds. The allegations in the Second Amended Complaint in the direct action are not related to the disputed Wells Fargo account. And in its filings in this interpleader action, Expeditors Washington repeatedly declined to explain the basis of its claims to the funds in the account, merely referring to the SAC or asserting that it required further discovery. Moreover, in opposing the disbursement of funds to Cadena, Expeditors Washington appears to assert the interest of its subsidiary, Expeditors Mexico, rather than its own.

Cadena, meanwhile, established that the interpleaded funds were contained in a personal bank account which he opened and maintained in his own name. He is therefore presumed to own the funds therein. *See, e.g.*, *EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 474 (2d Cir. 2007) ("When a party holds funds in a bank account, possession is established, and the presumption of ownership follows."); 9

C.J.S. *Banks & Banking* § 289 (2025) ("[T]he party who possesses property is presumed to own it, and one who holds funds in a bank account possesses that account and the presumption of ownership follows.").

Because a favorable adjudication of the SAC will not establish that Expeditors Washington has any ownership interest in the disputed funds, the district court did not abuse its discretion in vacating the stay in this action even though the direct action was pending on appeal. Likewise, because Expeditors Washington failed to provide any explanation for a viable claim to the funds in Cadena's bank account, it failed to show how additional discovery could preclude summary judgment. On this record, the district court did not abuse its discretion in denying that discovery. Finally, in the absence of any competing claim to the disputed funds, the district court did not err in disbursing the funds to Cadena based on his unrebutted presumed ownership of the funds in the Wells Fargo bank account.

**AFFIRMED**.

24-4706