**TRANSMIRRA PRODUCTS CORP., Plaintiff,**

v.

**MONSANTO CHEMICAL COMPANY, Defendant.**

United States District Court
S. D. New York.

July 19, 1960.

(h) that the additional party be "required for the granting of complete relief in the determination of [the] counterclaim" has been satisfied. Value Line Fund, Inc. v. Marcus, D.C.S.D.N.Y.1958, 161 F.Supp. 533, 536. Accordingly, this branch of defendant's motion is granted.[1]

It is questionable whether any provision of Fed.R.Civ.P. 19–21 supports defendant's request for an order directing that Aronstein be made a party plaintiff or a party defendant in the main action. Since it appears that defendant will be in a position to obtain the substance of the relief it seeks by virtue of the order joining Aronstein with Transmirra on the counterclaim, I decline to grant this portion of defendant's motion.

Robert Aronstein, New York City, for plaintiff.

Rynn Berry, New York City, for defendant.

PALMIERI, District Judge.

Defendant having shown good cause therefor, its motion for leave to file an amended answer and counterclaim is granted. Fed.R.Civ.P. 15(a), 28 U.S.C.A.

Defendant has also moved, pursuant to Fed.R.Civ.P. 13(h), for an order making Robert Aronstein, inventor of the patent in suit, a defendant to the counterclaim. The plaintiff, a corporation of which Aronstein and his wife are sole stockholders, has brought this suit by virtue of an alleged assignment of the patent to it by Aronstein. It is clear from the moving papers that Aronstein's role as inventor of the patent and president and substantial stockholder of the plaintiff corporation, makes him, if not a necessary party to the counterclaim, at least an appropriate and desirable one. See Sutherland Paper Co. v. Grant Paper Box Co., D.C.W.D.Pa.1947, 7 F.R.D. 358. It follows that the condition of Rule 13

So ordered.

1. In granting this portion of defendant's motion, I have not reached the question whether Transmirra is an alter ego of Aronstein as alleged by defendant.

Resolution of the matter should await trial of the merits. See Helene Curtis Industries v. Sales Affiliates, Inc., 2 Cir., 1957, 247 F.2d 940, 945.