2001 INC., Plaintiff,

v.

NOVAGLAS CORPORATION, Defendant.

No. 72–C–1080.

United States District Court, E. D. New York.

July 6, 1973.

James K. Silberman, Blum, Moscovitz, Friedman & Kaplan, New York City (David Fisher, Charles P. Axelrod, Manes, Sturim, Roth & Fisher, New York City, of counsel), for plaintiff.

Guy W. Shoup, Wyatt, Gerber & Shoup, New York City, for defendant.

WEINSTEIN, District Judge.

In this action for patent infringement, several months after answering, defendant submitted four counterclaims. The first two were allowed, the third denied, and now filing of the fourth is at issue.

The counterclaim is for $7,617.66 allegedly due defendant for sale of equipment to plaintiff under its former name. While defendant alleges that the pieces of equipment were covered by the patents which are in issue in the suit, it has not

claimed that determination of the patent question would resolve the issues of this fourth counterclaim. Therefore the counterclaim must be considered "permissive" rather than "compulsory," i. e., it does not arise out of the main occurrence in question (the alleged patent infringement) and in theory, could be sued on separately in state court. Fed.R.Civ. P. 13(a).

 There is little question of jurisdiction over this claim. Diversity of citizenship exists and, when aggregated, defendant's counterclaims are for over $10,000. *See* 3 J. Moore, Federal Practice ¶ 13.514. In any event, pendent jurisdiction should be freely exercised to deal with non-federal, permissive counterclaims, where convenient and in the interest of judicial economy. United States v. Heyward-Robinson Company, 430 F.2d 1077, 1089 (2d Cir. 1970, Friendly, J. concurring), cert. denied, 400 U.S. 1021, 91 S.Ct. 582, 27 L.Ed.2d 632 (1971).

 If a counterclaim is omitted through "oversight, inadvertence, or excusable neglect," the court may grant leave to submit the claim "when justice requires." Fed.R.Civ.P. 13(f). The rules should be interpreted liberally in order to settle all claims in one action. Wendell v. Holland-America Line, 30 F.R. D. 162 (S.D.N.Y.1961). No showing of bad faith or substantial delay in the trial has been shown. A credible excuse for defendant's failure to file the counterclaim earlier has been suggested—it was unaware of the fact that the plaintiff had previously operated as the corporation which had incurred the indebtedness in question. Although plaintiff attacks the bona fides of the excuse, we accept it as well founded for the purposes of this preliminary motion because there is a strong presumption that an attorney will not mislead the court.

Permission to file a fourth counterclaim within twenty days is granted.

So ordered.