PIC, INCORPORATED, Plaintiff,

v.

The PRESCON CORPORATION,
Defendant.

Civ. A. No. 76–432.

United States District Court,
D. Delaware.

Aug. 5, 1977.

William J. Wier, Jr., of Murdoch & Walsh, Wilmington, Del., for plaintiff; Robert B. Washburn and John J. Mackiewicz, of Woodcock, Washburn, Kurtz & Mackiewicz, Philadelphia, Pa., of counsel.

Edmund D. Lyons, of Morris, James, Hitchens & Williams, Wilmington, Del., for defendant; Paul VanSlyke and Ben D. Tobor, of Arnold, White & Durkee, Houston, Tex., of counsel.

CALEB M. WRIGHT, Senior District Judge.

Several motions are pending in this patent infringement action: Defendant's Motion for Leave to Amend the Answer to include a second counterclaim; Defendant's Motion for Leave to Add an Involuntary Plaintiff; and Plaintiff's Motion to Stay the Proceedings pending the outcome of the reissue application it filed with the Patent and Trademark Office ("PTO"). These motions, having been briefed, argued, and duly considered, will be addressed separately.

## I. MOTION FOR LEAVE TO AMEND THE ANSWER TO INCLUDE A SECOND COUNTERCLAIM.

The complaint in this action was filed on December 7, 1976 charging defendant with infringement of plaintiff's United States Letters Patent No. 3,646,748. Defendant answered on February 28, 1977, denying infringement, and alleging the affirmative defenses of invalidity and unenforceability of the patent; laches, acquiescence and estoppel; patent misuse and unclean hands; and fraud on the PTO. The answer also included a counterclaim seeking a declaratory judgment of non-infringement, invalidity and unenforceability on the same grounds, as well as injunctive relief. Along with service of its answer to plaintiff, defendant enclosed a letter indicating that it was contemplating pleading when it deemed appropriate "an antitrust counterclaim for treble damages and attorneys' fees based upon the fraudulent procurement of the patent and the enforcement of the patent with knowledge of its invalidity". A Motion for Leave to include such a claim was filed on May 2, 1977, just over one month later.

Rule 13(f), Fed.R.Civ.P., provides:

"Omitted Counterclaim. When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

Although this rule does not require that leave "shall be freely given when justice so requires", as does Rule 15(a), the Rule must be applied in light of the general guiding principle that the rules are to be "construed to secure the just, speedy, and inexpensive determination of every action". Fed.R. Civ.P. 1. "[I]n line with the Federal Rules' overall goal of resolving disputes, insofar as possible, on the merits and in a single judicial proceeding", *Spartan Grain & Mill Company v. Ayers,* 517 F.2d 214, 220 (5th Cir. 1975), and to eliminate the need for separate lawsuits arising out of related incidents, *Wheeling-Pittsburgh Steel Corp. v. Underwriters' Laboratories, Inc.,* 20 F.R. Serv.2d 1300 (N.D.Ill.1975), courts have construed Rule 13(f) liberally. *See, e. g., Silvers v. TTC Industries, Inc.,* 484 F.2d 194 (6th Cir. 1973), and *2001, Inc. v. Novaglas Corp.,* 60 F.R.D. 649 (E.D.N.Y.1973).

No showing of bad faith or substantial delay has been made here. Defendant has represented to the Court that facts discovered subsequent to the filing of the answer are in part the basis for its claim. The existence of any improper motive in delaying the bringing of this counterclaim is highly unlikely in light of defendant's letter to plaintiff indicating that defendant was considering such a counterclaim. In addition, no showing of prejudice resulting from the delay was made by plaintiff, and it is highly improbable that any prejudice could have resulted from a mere one month

delay, particularly when plaintiff was on notice that such a claim might be asserted. It is not necessary to determine whether or not this is "excusable neglect" since it is clear from the lack of prejudice to plaintiff and the absence of any improper motive on the part of defendant, that "justice requires" that defendant be allowed leave to amend. *See, Wheeling-Pittsburgh Steel Corp. v. Underwriters' Laboratories, Inc., supra.*

■ Plaintiff urges that leave be denied because the proposed counterclaim would escalate the litigation by the introduction of complex issues requiring extensive discovery, a lengthy trial, and the use of economic experts. Furthermore, plaintiff asserts that it is inappropriate to permit inclusion of the new issues because resolution of the validity and infringement issues may make it unnecessary to address the antitrust claims. Although these arguments might be sufficient to prevent the raising of new issues in a case that is almost ready for trial, they are inadequate to prevent defendant from pleading an antitrust counterclaim when it is raised only one month after the answer is filed. These considerations would be more properly addressed to a motion to stay discovery and for separate trials.

■ Plaintiff also urges that the proffered amendment should be refused because it is vague and legally insufficient. There is divergent authority as to whether legal insufficiency of a proposed amendment is a ground for denying leave to amend under Rule 15 and as to the standard to be applied in examining the sufficiency. *See,* 3 Moore's Federal Practice ¶ 15.08[4]; 8 Wright & Miller, Federal Practice and Procedure: Civil § 1487 (1971). Some courts have held it inappropriate to consider the legal merits of proposed amendment, *see, e. g., Rupe v. Associated Electric,* 6 F.R.D. 309 (D.Del.1946); others have granted leave as long as the amendment is not obviously or palpably insufficient on its face, *see, e. g., Messelt v. Security Storage Co.,* 11 F.R.D. 342, 344 (D.Del.1951); finally, there is authority for the proposition that a motion for leave to amend may be denied where the amendments cannot withstand a Rule 12(b)(6) motion to dismiss, *see, e. g., M & T Chemicals, Inc. v. International Bus. Mach. Corp.,* 403 F.Supp. 1145 (S.D.N.Y.1975). *See generally, Truitt v. General Tire & Rubber Co.,* Civil Action No. 4716 (D.Del., October 19, 1976). In the instant case, the amendment was proposed early in the litigation, and presents complex claims not palpably insufficient without close consideration. It would be inappropriate, therefore, to deny leave on the ground that the amendment is insufficient.

Accordingly, Defendant's Motion for Leave to Amend is granted.

## II. DEFENDANT'S MOTION FOR LEAVE TO ADD AN INVOLUNTARY PLAINTIFF.

■ Related to this motion is defendant's motion for leave to add an involuntary plaintiff. The counterclaim alleges a conspiracy in violation of the antitrust laws between the plaintiff corporation and Frederic A. Lang, the inventor of the patent in suit and president, founder, and majority stockholder of the plaintiff corporation.

Rule 13(h), Fed.R.Civ.P., provides:

"Joinder of Additional Parties. Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20."

The pleadings make it clear that Lang is subject to service of process under Rule 4(d) as made applicable by Rule 4(f), that his joinder will not deprive the court of jurisdiction, and that in his absence complete relief cannot be accorded among those already parties. Accordingly, pursuant to the provisions of Rule 19(a), he should be made a party to the counterclaim.

Lang is not properly denominated an "involuntary plaintiff" under Rule 19(a), however, since his presence or absence as a plaintiff to the original action is irrelevant to his joinder as a defendant to the counter-

claim.[1] Accordingly, defendant's motion to add Lang as an involuntary plaintiff is denied but the Court will enter an order providing that Lang be named as a defendant to the counterclaim. He should be served according to the provisions of the Rules.

III. PLAINTIFF'S MOTION TO STAY THE PROCEEDINGS PENDING THE OUTCOME OF THE REISSUE APPLICATION FILED WITH THE PTO.

■ The PTO placed in effect on March 1, 1977, a new rule, 35 C.F.R. § 1.175 (1977), which allows a patentee to seek reconsideration of an original patent in view of prior art and other information relevant to patentability which was not previously considered by the PTO. The introduction in the announcement of the adoption of the new rules stated that "a federal court may, if it chooses, stay proceedings" during the pendency of the reissue application. 955 Official Gazette of the U.S.P.T.O. 1054 (February 22, 1977). On April 19, 1977, plaintiff forwarded a reissue application to the PTO and on April 20, 1977, filed a motion to stay these proceedings pending the outcome of the reissue application.

As this Court said, in *General Tire & Rubber Co. v. Watson-Bowman Assoc., Inc.,* 324 BNA, Patent, Trademark & Copyright J. A–8 (April 14, 1977), (D.Del., March 28, 1977):

"The grant or denial of a stay is addressed to the sound discretion of the court. 'As with any exercise of discretion, the Court must balance the equities presented by the particular set of facts.'" (citations omitted).

Upon consideration of the posture of this case, the Court concludes that the grant of a stay of limited duration will best promote the efficient disposition of this litigation without prejudicing either party.

The Court is aware that regardless of whether or not the PTO determines that the new prior art invalidates the patent, plaintiff will still have a patent at the conclusion of the reissue proceeding. *See, General Tire & Rubber Co. v. Watson-Bowman Assoc., Inc., supra.* The Court is also aware that the reissue proceeding will probably not resolve certain inquiries which may be presented in this case, i. e., the applicant's knowledge of prior art during the prosecution of the patent and the extent of the disclosure of such knowledge during the prosecution. However, plaintiff has represented to the Court that

"[i]f the PTO determines the claims in suit to be invalid and will not reissue the patent, plaintiff will dedicate the original patent . . ." Plaintiff's Reply Memorandum to Defendant's Brief in Opposition to Plaintiff's Motion for Stay of Proceedings at 10.

A similar representation was made in open Court during oral argument. It is possible then that the PTO's action in connection with the reissue application will obviate the need for any further proceedings in this Court.

This case, just recently filed, is much further from being ready for trial than was *General Tire & Rubber Co. v. Watson-Bowman* when the reissue application and stay were filed there. The tremendous amounts of time, money and energy usually expended in discovery and trial preparation in patent cases have not as yet been incurred in this case. If the PTO refuses to reissue the patent on the ground that it is invalid, both parties as well as the Court will realize significant savings. If the PTO concludes that the patent is still valid, all concerned will gain the benefit of the expertise the PTO will bring to bear on its analysis.

Reissue applications are "special" and are to be acted upon in advance of other applications. 37 C.F.R. § 1.176 (1977), and Manual of Patent Examining Procedure § 1401.-09 (1976). Plaintiff has undertaken to expedite the reissue proceedings to the extent possible. *See,* Plaintiff's Reply Memoran-

---

1. *See Transmirra Products Corp. v. Monsanto Chemical Co.,* 186 F.Supp. 270 (S.D.N.Y.1960). In that patent infringement action, the court allowed the defendant to join the inventor, who was the president and a substantial stockholder of the plaintiff corporation as a counterclaim defendant but refused to enter an order making him a party plaintiff.

dum to Defendant's Brief in Opposition to Plaintiff's Motion for Stay of Proceedings, at 2.

In light of these considerations, the Court concludes that the proceedings should be stayed until December 31, 1977, or the conclusion of the reissue application proceedings, whichever is sooner. If the reissue proceeding is not concluded by December 31, 1977, plaintiff may petition the Court for a further stay. Plaintiff will not be required to respond now to defendant's outstanding interrogatories or requests for production, but plaintiff should be prepared to respond promptly upon the lifting of the stay should this lawsuit continue. Defendant has indicated particular interest in deposing Eugene Dabney, but has not presented any factual support as to why the perpetuation of his testimony is necessary. Defendant will be permitted to petition the Court to lift the stay for the purpose of taking Dabney's deposition upon a proper showing of need.