FISHER CONTROLS COMPANY,
INC., Plaintiff,

v.

CONTROL COMPONENTS, INC., and
Richard E. Self, Defendants.

Civ. No. 74–11–1.

United States District Court,
S. D. Iowa, C. D.

Nov. 15, 1977.

C. Carleton Frederici, Donald A. Wine, Eric F. Schwarz, Des Moines, Iowa, Seymour Rothstein, Sheldon W. Witcoff, Allegretti, Newitt & Witcoff & McAndrews, Chicago, Ill., Harold R. Patton, Monsanto Co., St. Louis, Mo., for plaintiff.

Donald H. Zarley, Edmund J. Sease, Michael G. Voorhees, Des Moines, Iowa, Roland T. Bryan, Paul L. Bollo, Bryan, Parmelee, Johnson & Bollinger, Stamford, Conn., for defendants.

ORDER TO STAY PROCEEDINGS

STUART, Chief Judge.

This matter is now before the Court on a motion by Defendants, filed October 3, 1977, to stay these proceedings pending the outcome of Defendant Self's application to the United States Patent and Trademark Office (hereinafter PTO) to reissue United States Patent 3,514,074, the patent involved in this litigation. Plaintiff has resisted the motion to stay in a reply filed October 17, 1977. Defendants subsequently filed, on October 25, 1977, a motion to strike Plaintiff's reply, and further for oral argument on the motion to stay this case. On November 2, 1977, Plaintiff filed a response to the motion by Defendants to strike Plaintiff's reply.

The reissue application was filed in the PTO on June 24, 1977, pursuant to amended rules within Title 37, Code of Federal Regulations. An attempt to reach a voluntary stay was unsuccessful.

*Power of The Court to Issue a Stay of
The Proceedings*

■ The district court's power to stay proceedings has been drawn purposefully broad and is discretionary. General considerations and guidelines have been concisely set forth in *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962), where the Court states:

A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants. The exertion of this power calls for the exercise of sound discretion. Where it is proposed that a pending proceeding be stayed, the competing interests which will be effected by the granting or the refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and *the orderly course of*

*justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.* (emphasis added) *CMAX*, at 268. Although *Landis v. North American Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936), does discuss a focus on "hardship or inequity" as a showing necessary before a stay will be granted, the Court went further to recognize there will be instances where efficient and sensible administration of the Court's business will be benefitted without such a showing of hardship. *Landis*, at 255–56, 57 S.Ct. 163.

### New Rules for Reissue by PTO

The rules governing reissue of patents were amended with the stated purpose of establishing greater reliability of issued patents, strengthening the examining procedures, and providing incentive to investment in research and development. 314 B.N.A. Patent, Trademark and Copyright J. D–1 (February 3, 1977). As amended, 37 C.F.R. § 1.175, "permits a patent owner to have new prior art considered by the Office by way of a reissue application without making any changes in the claims or specifications." The procedure may be used at any time during the period of the patent, and it is suggested that the federal courts may stay patent proceedings to allow the process of a reissue application, permitting new art to be considered by the PTO. *Id.*

Although not equal to the litigation opportunities of discovery and confrontation, the new rules do allow for protest. Under 37 C.F.R. § 1.291, members of the public are afforded a means to both protest the reissue, and to cite prior art to the PTO.

The examination procedure, as amended, offers some assurance that reissue applications will be handled promptly. While requiring a two month delay to assure notice to all interested parties, the rules give priority to reissue applications over all other applications. 37 C.F.R. § 1.176.

### Possible Benefits of Reissue Examination to Ongoing Litigation

■ The benefits of the new rules must, of necessity, be found in informed predic-

tion. The Court has found no case that has been stayed pending a reissue application, which has then proceeded with the benefit of the PTO examination. However, several distinct advantages can be observed in allowing examination of a reissue application before continuing with patent litigation:

1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.
2. Many discovery problems relating to prior art can be alleviated by the PTO examination.
3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.
4. The outcome of the reexamination may encourage a settlement without the further use of the Court.
5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.
6. Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a reexamination.
7. The cost will likely be reduced both for the parties and the Court.

*See, New Patent Office Rules May Aid Patent Litigation*, The Third Branch, v. 9, No. 9, September 1977, at 7.

### Balancing Benefits of Reexamination with Potential Hardship to Parties

Motions to stay patent litigation pending the outcome of reissue applications were received by the Federal District Court for Delaware in *General Tire & Rubber Co. v. Watson-Bowman Assoc., Inc.*, 74 F.R.D. 139 (D.Del.1977), and *PIC, Inc. v. The Prescon Corporation*, 324 BNA, Patent, Trademark and Copyright J. A–9 (August 25, 1977) (D.Del. August 5, 1977). In *General Tire & Rubber Co., supra*, the court denied the motion for a stay of the proceedings because discovery had been substantially completed and the case was scheduled for trial. In *PIC, Inc., supra*, the stay of the proceedings was granted since the case had been recently filed, and little discovery had been

completed. The case at bar would appear to fall directly between the two decisions of the Delaware Court.

This case was filed January 15, 1974. A great deal of discovery has been completed, but the parties have indicated to this Court that a considerable amount of discovery remains. Simply stated, the consideration must be whether a stay of proceedings pending the outcome of the reissue application will be of significant benefit to the litigation to justify a further delay in an already lengthy case.

### Conclusion

After carefully considering all appropriate factors, it is the opinion of this Court that the litigation will be benefitted by a stay of the proceedings pending the outcome of a reissue application. The benefits clearly outweigh any burden to Plaintiff brought about by further delay. Having concluded the motion for a stay of these proceedings should be granted, Defendants' motion to strike Plaintiff's reply to Defendants' motion to stay and for oral argument, as well as Plaintiff's response to Defendants' motion to strike Plaintiff's reply, require no action by this Court. Accordingly,

IT IS ORDERED that Defendants' motion to stay these proceedings be, and hereby is granted to and until June 24, 1978, or the completion of the reexamination by the PTO, whichever occurs first.

IT IS FURTHER ORDERED that all discovery motions currently before this court in this matter be, and hereby are denied. If any of these discovery problems are still applicable following the reissue proceeding, they will be considered by this Court only if the motions are renewed.