RCA CORPORATION, Plaintiff,

v.

APPLIED DIGITAL DATA SYSTEMS, INC., Defendant.

Civ. A. No. 78–198.

United States District Court, D. Delaware.

March 21, 1979.

---

Rodney M. Layton of Richards, Layton & Finger, Wilmington, Del., John Farley of Fish & Neave, New York City, A. Russinoff, Princeton, N. J., for plaintiff.

Rodman Ward, Jr. of Prickett, Ward, Burt & Sanders, Wilmington, Del., James N. Dresser of Beveridge, DeGrandi, Kline & Lunsford, Washington, D. C., for defendant.

## OPINION

STAPLETON, District Judge:

On October 3, 1967, Patent No. 3,345,458 was issued to the plaintiff. That patent is entitled "Digital Storage and Generation of Video Signals." The plaintiff alleges that two video display terminals manufactured by the defendant infringe its patent. In its answer, the defendant claims that the patent is invalid, denies infringement, and claims that the patent is not enforceable against it even if it is valid. The defendant has also filed two antitrust counterclaims. Presently before the Court is the defendant's motion to stay further proceedings in this action pending reissue proceedings before the Patent and Trademark Office ("PTO").[1]

Section 103 of Title 35 of the United States Code provides:

A patent may not be obtained . . if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

When the PTO issued the plaintiff's patent in 1967, it had only one item of prior art before it. The defendant claims that it is aware of additional prior art, and that, under 35 U.S.C. § 103, that patent is not valid in light of the new prior art.[2] The defendant also asserts that the PTO should make the initial determination of the validity of the patent over the new prior art in a reissue proceeding, so that this Court will have the opportunity to obtain the benefit of the PTO's expertise.[3] In support of its position, the defendant cites cases including *Rohm and Haas Co. v. Mobil Oil Corp.*, 462

1. The defendant does not seek to stay discovery on the issue of patent invalidity.

2. 35 U.S.C. § 282 allows an issued patent subsequently to be declared invalid.

3. Regardless of the PTO's determination, the ultimate decision as to the validity of a patent rests with the Court. However, in this case, the defendant has agreed to be bound by any PTO determinations in a reissue proceeding in which it participates. Pursuant to 37 C.F.R. § 1.291, interested members of the public may submit pertinent information to the PTO in a reissue proceeding.

F.Supp. 732 (D.Del.1978); *PIC, Incorporated v. Prescon Corporation*, 77 F.R.D. 678 (D.Del.1977), and *General Tire & Rubber Co. v. Watson-Bowman Associates, Inc.*, 193 U.S.P.Q. 479 (D.Del.1977). In each of those cases, the patent owner had applied for reissue and moved for a stay of the Court proceedings pending disposition of the reissue application by the PTO.[4]

However, in this case, there are no PTO reissue proceedings pending. Section 251 of Title 35 provides the authority for reissue applications. Under the regulations promulgated pursuant to that provision, 37 C.F.R. §§ 1.171 to 1.179,[5] it is clear that only the patent owner may apply for reissue of the patent.[6] The plaintiff-patent owner here has not applied for reissue and has indicated that it has no intention of doing so. Thus, while the defendant is unable to institute reissue proceedings regarding the plaintiff's patent itself, it asks this Court, in effect, to compel the plaintiff to file an application for reissue, and to await the outcome of the PTO reissue application before proceeding in this Court.[7]

The issue raised by the defendant's motion is whether this Court should require the PTO to make the initial determination as to the validity of the plaintiff's patent over the new prior art, despite the plaintiff's desire to by-pass that procedure. Stated another way, the issue is whether the doctrine of primary jurisdiction should be applied to the claim of patent invalidity. The question is not whether this Court or the PTO will determine the validity of the plaintiff's patent. That determination will be made by this Court. Rather, the "doctrine of primary jurisdiction determines whether the court or the agency should make the initial decision." 3 Davis, *Administrative Law Treatise* (1958), § 19.01. If the doctrine of primary jurisdiction does apply here, the initial determination will be for the PTO to make. In order to answer the question raised here, it is necessary to examine the basis for the primary jurisdiction doctrine.

There are two situations which call for the application of the primary jurisdiction doctrine.[8] As originally formulated by the Supreme Court in *Texas & Pacific Ry. v. Abilene Cotton Oil Co.*, 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553 (1907), the need for an agency to deal initially with an issue raised in court litigation was based upon a perceived need for uniformity in regulation. However, in *Great Northern Ry. Co. v. Merchants Elevator Co.*, 259 U.S. 285, 42 S.Ct. 477, 66 L.Ed. 943 (1922), the Supreme Court, while reiterating the need for uniformity of regulation, added that preliminary resort to an appropriate administrative agency was also called for in situations where that agency had some kind of expertise which would be otherwise unavailable to a court. The Supreme Court summarized the two reasons underlying the doctrine of primary jurisdiction most clearly in *United States v. Western Pacific R. Co.*, 352 U.S. 59, 64, 77 S.Ct. 161, 165, 1 L.Ed.2d 126 (1956). It said:

No fixed formula exists for applying the doctrine of primary jurisdiction. In

---

**4.** In *Rohm and Haas* and *PIC*, the motions for stays were granted; in *General Tire & Rubber Co.* the motion was denied.

**5.** 37 C.F.R. § 1.175(a)(4) specifically provides for reissue applications when the patent owner is aware of prior art not previously considered by the PTO which might cause the patent to be considered invalid.

**6.** On December 13, 1978, the Commissioner of Patents and Trademarks issued a Notice of Proposed Rulemaking for the purpose of giving members of the public advisory opinions on the validity of issued patents in light of prior art. *See* 43 Fed.Reg. 59401 (December 20, 1978). A hearing on the matter is scheduled for April 11, 1979.

**7.** Neither party has cited a case directly on this point, nor has the Court found such a case. There are, of course, numerous cases in this and other districts where patent invalidity has been alleged and the patent owner has not been compelled to submit to PTO reissue proceedings. However, it does not appear that the issue raised here was raised in those cases.

**8.** This Court recently stated in *Consolidated Rail Corporation v. City of Dover*, 450 F.Supp. 966, 973 (D.Del.1978):

the doctrine of primary jurisdiction traditionally has been applied in two distinct situations: (1) when uniformity of regulation is appropriate and (2) when there is a need for an initial consideration of the problem by a tribunal with specialized knowledge.

every case the question is whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation. Those reasons and purposes have often been given expression by this Court. In the earlier cases emphasis was laid on the desirable uniformity which would obtain if initially a specialized agency passed on certain types of administrative questions. See *Texas & Pacific R. Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553. More recently the expert and specialized knowledge of the agencies involved has been particularly stressed. See *Far East Conference v. United States*, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576.

The defendant here does not argue that the first reason for the application of the doctrine, a need for uniformity of regulation, exists in this case. It does argue, however, that the doctrine should be applied in this case for the second reason—because the factual issues surrounding the validity of the plaintiff's patent are "not within the conventional experience of judges," *Far East Conference v. United States*, 342 U.S. 570, 574, 72 S.Ct. 492, 494, 96 L.Ed. 576 (1951), but are within the specialized expertise of the PTO. The plaintiff's position is that the agency expertise which justifies the application of the primary jurisdiction doctrine is present only in the context of agencies which administer a "pervasive regulatory scheme," *United States v. Radio Corporation of America*, 358 U.S. 334, 350, 79 S.Ct. 457, 3 L.Ed.2d 354 (1959),[9] and since the PTO does not administer such a scheme, that the justification for the doctrine does not exist in this case.

I agree with the plaintiff that the factual issue here posed does not involve the type of expertise with which the Supreme Court has been concerned in those cases where it has applied the primary jurisdiction doctrine. A review of those cases reveals that

the doctrine of primary jurisdiction has indeed been applied only with regard to agencies administering "pervasive regulatory schemes." It is the acquaintance of such agencies with those schemes which is uniquely within their expertise. Thus, in the cases cited by the defendant, the specialized expertise which the agencies possess is not with regard to the particular facts of a case, but rather, with regard to the conditions of the regulated industry as a whole, the regulatory policy, and the consequences of one choice or another for that industry. It is facts of that sort which are beyond "the conventional experience of judges." Such expertise is not a relevant consideration in this case.

In *Merchants, supra*, a case involving a carrier's tariff, the Supreme Court held that preliminary resort to the Interstate Commerce Commission was necessary because the determination to be made depended upon "acquaintance with many intricate facts of transportation," and "such acquaintance is commonly to be found only in a body of experts." 259 U.S. at 291, 42 S.Ct. at 479. In *United States Navigation Co., Inc. v. Cunard Steamship Co., Ltd.*, 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408 (1932), an antitrust action, the defendants were regulated by the United States Shipping Board. The Court held that that Board should make the initial determination, because

> [w]hether a given agreement  .  .  . should be held to contravene the act may depend upon a consideration of economic relations, of facts particular to the business or its history, of competitive conditions in respect of the shipping of foreign countries, and other relevant circumstances, generally unfamiliar to a judicial tribunal, but well understood by an administrative body especially trained and experienced in the intricate and technical facts and usages of the shipping trade.

284 U.S. at 485, 52 S.Ct. at 250.

In *Western Pacific, supra*, the Court again held that the Interstate Commerce

---

**9.** Davis has stated:

> The problem of primary jurisdiction is limited to the agencies which regulate particular industries.

3 Davis, *Administrative Law Treatise* (1958), § 19.05, n.1.

Commission had to pass initially on the construction of a tariff, because the case

> raises issues of transportation policy which ought to be considered by the Commission in the interests of a uniform and expert administration of the regulatory scheme laid down by that Act.

352 U.S. at 65, 77 S.Ct. at 166. The Court again spoke of the need for protection of a regulatory scheme in dealing with the primary jurisdiction doctrine in *United States v. Radio Corporation of America, supra,* and *United States v. Philadelphia National Bank,* 374 U.S. 321, 83 S.Ct. 1715, 10 L.Ed.2d 915 (1963).

The Court reached a similar conclusion in *Port of Boston Marine Terminal Assn. v. Rederiaktiebolaget Transatlantic,* 400 U.S. 62, 69, 91 S.Ct. 203, 208, 27 L.Ed.2d 203 (1970), where it stated that the Federal Maritime Commission

> was uniquely qualified to consider the dispute in light of the overall policies concerning terminal conferences and the conferences' relationship with both carrier-vessels and consignees.

The Court pointed out that the trial court would not have been able to consider those policies in the context of private, isolated litigation. Most recently, in *Nader v. Allegheny Airlines,* 426 U.S. 290, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976), the Court stated that the primary jurisdiction doctrine has been applied

> particularly when the issue involves technical questions of fact uniquely within the expertise and experience of an agency—such as matters turning on an assessment of industry conditions.

426 U.S. at 304, 96 S.Ct. at 1987. *See also MCI Communications Corp. v. American Telephone & Telegraph Co.,* 496 F.2d 214, 222 (3d Cir. 1974).

Under the standards set forth in the cases discussed, I conclude that this is not the type of case where the specialized expertise of the agency involved, the PTO, mandates an initial determination by that agency. The only factual issue in this case with which the PTO might deal is whether or not the plaintiff's patent is valid over the prior art. That issue is one which this Court is competent to decide based upon the information made available to it by the parties, and particularly by their expert witnesses. The issue is, in fact, one of the sort with which this Court deals on a regular basis, with or without the aid of the PTO's expertise. It can hardly be said to be beyond "the conventional experience of judges." There are no questions of regulatory policy or of economic or industry conditions of the sort which have existed in those cases where the primary jurisdiction doctrine has been applied. This is merely a private controversy over the validity of the plaintiff's patent, *inter alia.* While the expertise of the PTO might well be of assistance to this Court in resolving that issue, the PTO is not "uniquely qualified" to pass on the validity of the patent.

The plaintiff has chosen to by-pass the PTO's expertise. Since I conclude that this is not a case which calls for the application of the doctrine of primary jurisdiction, plaintiff will not be compelled to take advantage of the PTO reissue application procedure. The defendant's motion for a stay will be denied.