Joseph S. CHOAT, Plaintiff,

v.

ROME INDUSTRIES, INC. et al., Defendants.

Civ. A. No. C77–78R.

United States District Court, N. D. Georgia, Rome Division.

Aug. 22, 1979.

R. B. Jones, Jones & Monroe, Birmingham, Ala., Ronald G. Shedd, Rome, Ga., for plaintiff.

William J. Ormsby, Jr., and Edward T. Newton, Newton, Hopkins & Ormsby, Atlanta, Ga., Cyrus F. Lee, Connor, Lee, Connor, Reece & Bunn, Wilson, N. C., for Rome Industries, Inc. & John Deere Co.

## ORDER

HAROLD L. MURPHY, District Judge.

This action concerns alleged infringement of U.S. Letters Patent No. 3,493,020. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1338 and 1400(b). Presently pending before the Court are the following motions: defendants' motion for reconsideration which asks for an order directing plaintiff to file an application for reissue of the patent-in-suit; plaintiff's motion to amend the complaint; defendants' motion for a more definite statement; defendants' motion to reopen discovery; plaintiff's motion to compel answers to interrogatories; and defendants' motion for a protective order.

On December 11, 1978, this Court entered an order denying a motion by defendants which requested that the Court order plaintiff to seek a reissue patent pursuant to 37 C.F.R. § 1.175. In support of this decision, the Court cited the delay involved in seeking a reissue patent and the capability of the Court to reach a final determination of the particular claims involved in this suit. Since that time, several events have transpired that have led the Court to reconsider its original order.

First, the problem of inordinate delay accompanying application for a reissue patent has been substantially alleviated by a new procedure promulgated by the U.S. Patent and Trademark Office (Patent Office) which provides for expedited processing of reissue applications involved in litigation. *See*, 983 O.G. 24 (June 26, 1979). This new procedure was adopted specifically to meet the concerns of courts regarding the timeliness of Patent Office handling of reissue applications that are the subject of an ongoing suit.

The effect of the new procedure, now in operation, will be the immediate, expedited examination of reissue applications involved in litigation. Reissue applications that are a part of litigation in which the court has stayed further action will be considered in advance of all other reissue applications. The process provides for prompt resolution of any patentability issues and prompt determination on the merits viewed in light of the prior art. Consideration of issues concerning fraud or failure to comply with the duty of disclosure will be delayed by the Patent Office until resolution of the patentability issues. Monitoring systems will closely check the time used by applicants, protesters, and examiners in processing the reissue applications of patents involved in stayed litigation. Thus, a decision regarding such a reissue application would take a minimal amount of time before the Patent Office.

Use of this procedure will not disadvantage the plaintiff in any way. As provided in 37 C.F.R. § 1.175(a)(4), a patent owner may have additional prior art considered by the U.S. Patent and Trademark Office without the making of changes in claims or specifications. The reissue proce-

dure is available even though a patentee maintains that the validity of his patent continues. Although the exact time required for the reissue procedure is still subject to conjecture, the Court may provide for periodic review of the proceedings to insure adequate progress.

 Resort to this procedure will not deprive the plaintiff of his right to a jury trial. The action defendants seek merely requires a stay of further proceedings, not a dismissal of the litigation. If, upon examination of the provisions of the prior art, the claims of the patent are determined to lack the requisite degree of novelty or invention, the Court may determine that there would be no question appropriate for jury resolution. The stay may not require any delay and it clearly does not deny plaintiff his right to trial by jury. *See, Lee-Boy Manufacturing Co., Inc. v. Puckett et al.*, No. C77–1366A (N.D.Ga. Sept. 15, 1978).

 Further, patents are entitled to a statutory presumption of validity. 35 U.S.C. § 282. This presumption is premised upon the acknowledged expertise of the Patent Office and the recognition that patent approval is a species of administrative determination supported by evidence. *Parker v. Motorola, Inc.*, 524 F.2d 518, 521 (5th Cir. 1975). A referral to the Patent Office of samples of the prior art not previously considered by it is consistent with the directives of the statutes and the case law. *See, Christopher J. Foster, Inc. v. Newport News Shipbuilding*, 531 F.2d 1243, 1245 (4th Cir. 1975); *Gaddis v. Calgon Corporation*, 506 F.2d 880, 885 (5th Cir. 1975). Should plaintiff's patent-in-suit be denied reissue on the ground that no change in the claims of the patent is necessary by reason of the prior art raised, plaintiff will enjoy a strengthened presumption of validity. *Corometrics Medical Systems v. Berkeley Bio-Engineering*, 193 USPQ 467, 474 (N.D.Cal. 1977).

 Although this Court is not bound by a decision rendered by the Patent Office regarding reissue of plaintiff's patent-in-suit, directing reissue could in effect determine the question of validity subject to review by this Court, and end this litigation by making moot all other issues. *See, W. F. Altenpohl, Inc. v. Gainesville Machine Co., Inc.*, 183 USPQ 497 (N.D.Ga.1975), wherein the court adopted the Patent Office finding of invalidity and dismissed the complaint.

 The second event entering into the Court's decision to reconsider its order with respect to the reissue patent is the motion filed by plaintiff to amend his complaint. Plaintiff is now seeking leave to amend his original complaint to allege infringement of his patent by the production of 21 different tree shears manufactured by the defendants. The Federal Rules of Civil Procedure require that leave to amend "shall be freely given when justice so requires." Fed.R. Civ.P. 15(a). This provision has been liberally construed and expansively applied. *See, Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The proffered amendment adds claims relevant to this case, and, in light of the Court's liberal amendment policies, is hereby allowed. However, the amendment is a sizeable enlargement from the allegation contained in the original complaint, which referred only to infringement by a tree shear manufactured by defendants. Such an expansion broadens the scope of this litigation, makes further discovery necessary and expands the time that will be necessary to try the case. As the plaintiff is here by his own motion lengthening trial of the case, the slight delay resulting from application for a reissue patent should not prejudice the plaintiff.

An additional reason given by this Court in denying defendants' motion to direct plaintiff to file an application for a reissue patent was the Court's ability to try the particular issues involved in the instant case. At that time, plaintiff was alleging infringement of his patent by a tree shear manufactured by defendants. The amendment granted expands this allegation to include infringement by 21 different models of tree shears. Thus, a greater amount of technical knowledge will be necessary to resolve the issues in the instant case than

initially anticipated. In such circumstances, the special expertise of the Patent Office should be utilized. The advantages of pursuing this course of action are numerous. The Patent Office with its scientific expertise will have the opportunity to analyze the prior art before consideration by this Court. Many discovery problems could be alleviated by the Patent Office's investigation. And, the complexity, length, and costs of trial could be considerably lessened. *See generally, Fisher Controls Co., Inc., v. Control Components, Inc.,* 443 F.Supp. 581, 196 USPQ 817 (S.D.Iowa 1977).

■ Finally, unlike the circumstances accompanying the original request by defendants to direct plaintiff to apply for a reissue patent, plaintiff has not filed a response to this motion. Failure to file a response indicates that there is no opposition to the motion. Local Rules of the United States District Court for the Northern District of Georgia 91.2.

■ A district court has broad powers to determine disposition of cases in the interest of efficient use of the time and effort expended by the court and the parties to the litigation. In determining whether or not a stay should be ordered in a given case, several factors must be weighed by the court. These include the possible damage, hardship and inequities to either of the parties resulting from grant or denial of the stay and the value of the stay to accomplishment of the objectives of the judicial process from the standpoint of simplification of the issues in question and the trial of the case. *See, CMAX, Inc., v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962). In light of the developments occurring since its prior order and after careful reconsideration of all of the interests involved in the instant case, the Court concludes that the advantages to be gained by use of the expedited Patent Office procedure clearly outweigh any possible disadvantages.

■ In its response to plaintiff's motion to amend the complaint, defendants expressed no opposition to amendment of the complaint provided that the Court order the plaintiff to attach a more definite statement to the amendment, and that the Court reopen and extend the discovery period in the instant case. With respect to defendants' motion for a more definite statement, it should be noted that the Federal Rules employ the concept of notice pleading, and, for this reason, motions for a more definite statement are not favored. *U. S. v. Ga. Power Co.,* 301 F.Supp. 538, 543–44 (N.D. Ga.1969). *See, U. S. v. Metro.Development Corp.,* 61 F.R.D. 83 (N.D.Ga.1973). Such a motion should be granted only when the pleading to which the motion is directed is so vague or ambiguous that the party cannot reasonably respond. This pleading does not fall into that category. Any information that defendants require to prepare for trial may be obtained through discovery procedures if it is still necessary after patent reissue procedures are completed.

With respect to defendants' motion to reopen discovery, plaintiff's motion to compel answers to interrogatories, and defendants' motion for a protective order, it should be noted that one of the advantages in allowing examination of reissue applications by the Patent Office before continuing with litigation is that often problems related to discovery are resolved by the results of that investigation. *See, Fisher Controls Co., Inc., v. Control Components, Inc.,* 443 F.Supp. at 582, 196 USPQ at 819 (S.D.Iowa 1977). For that reason, the Court orders that all motions related to discovery that are currently before this Court are hereby denied. If any of the discovery problems are still present after conclusion of the reissue proceedings, they will be considered by this Court if the motions are renewed.[1]

ACCORDINGLY, with respect to defendants' motion for reconsideration asking for an order to direct plaintiff to file an appli-

---

1. This procedure has been utilized in other cases involving reissue litigation. *See, Fisher Controls Co., Inc., v. Control Components, Inc.,*

443 F.Supp. at 583, 196 USPQ at 820 (S.D.Iowa 1977).

cation for reissue of the patent-in-suit, it is hereby ordered:

A. That within 20 days following the filing of this order, defendants shall specifically identify to plaintiff, in writing, the prior art which defendants allege to anticipate or make obvious the claims of the patent in issue (Choat U.S. Patent No. 3,493,020) and which was not considered by the Patent and Trademark Office during proceedings upon the original application for that patent;

B. That within 20 days after plaintiff receives from defendants such identification of prior art, plaintiff shall file in the Patent and Trademark Office an application for the reissue of the patent-in-suit pursuant to Rule 1.175, Rules of Practice in Patent Cases of the United States Patent and Trademark Office;

C. That plaintiff shall promptly serve defendants with copies of all correspondence, papers, and other documents filed with and received from the Patent and Trademark Office in connection with the Rule 1.175 application for reissue of the patent-in-suit and proceedings thereon;

D. That defendants shall promptly serve upon plaintiff copies of all correspondence, papers, and other documents which defendants file with and receive from the Patent and Trademark Office in connection with the Rule 1.175 application for reissue of the patent-in-suit;

E. That plaintiff shall invite the defendants upon reasonable notice to attend all interviews before the Patent and Trademark Office, subject to approval from the Patent and Trademark Office;

F. That six months from the date of this Order, the parties shall report in writing to the Court the status of the proceedings on the application for reissue; and

G. That the proceedings in this action are stayed for a period to include the date upon which the U.S. Patent and Trademark Office shall render its final ruling on the question of reissuance of the patent-in-suit. The stay is subject to any modification the Court may deem appropriate.

With respect to the remaining motions presently before the Court in the instant case, it is ordered:

A. That plaintiff's motion to amend the complaint be granted;

B. That defendants' motion for a more definite statement be denied; and

C. That defendants' motion for reopening of discovery, plaintiff's motion to compel answers to interrogatories, and defendants' motion for a protective order be denied. If any of the foregoing discovery problems remain after conclusion of the reissue proceedings, the Court will consider them if the motions are renewed.