**GOODWALL CONSTRUCTION COMPANY, INC. and Howard P. Gooden, Plaintiffs,**

v.

**BEERS CONSTRUCTION COMPANY and Southern Bell Telephone and Telegraph Company, Defendants.**

Civ. A. No. C79–1774A.

United States District Court, N. D. Georgia, Atlanta Division.

Dec. 1, 1980.

David M. Ostfeld, Ned L. Conley, Butler, Binion, Rice, Cook & Knapp, Houston, Tex., John L. Taylor, Jr. and Otto F. Feil, III, McDaniel, Seigler, Chorey & Taylor, Atlanta, Ga., for plaintiffs.

Matthew H. Patton, Kilpatrick & Cody, Atlanta, Ga., for Southern Bell Tel. & Tel.

Patrick F. Henry, Atlanta, Ga., for Beers Const.

## ORDER

ROBERT H. HALL, District Judge.

Now before the court is a motion filed October 14, 1980, by defendant Beers Construction Company for an order compelling plaintiff to pursue reissue of the patent in suit. Having reviewed the motion and the opposition thereto, the court DENIES the motion.

The patent in suit is U. S. Patent No. 4,149,513 issued April 17, 1979, to plaintiff Howard P. Gooden for a "Deep Texture Hammer" which describes a method for applying decorative finishes to concrete. The motion now before the court urges that discovery in this suit shows that inventor Gooden knew of certain prior art which was not disclosed by him to the Patent and Trademark Office and was not considered prior to issuing the patent. The motion

asserts that there are basically four types of information concerning prior art which were not considered: (1) information concerning public and commercial uses known by Gooden but not disclosed; (2) published information appearing in certain documents attached as exhibits to Beers' motion; (3) competitors' procedures which Gooden knew of but did not disclose to the PTO Examiner; and (4) Beers' alleged list of what it claims are relevant earlier patents issued but not considered by the PTO.

Most of the alleged evidence described by Beers turns out not to be in the record. With respect to Gooden's knowledge, Beers acknowledges that this information appears in his testimony on deposition, and that testimony has not yet been transcribed or filed. With respect to the list of allegedly relevant and not considered patents, Beers identifies the list by saying only that these patents have been identified to plaintiff in Beers' answers to interrogatories. The court has searched out and read the answers to interrogatories filed by Beers, and finds only a set of answers dated February 4, 1980, and a short supplement thereto dated July 24, 1980. Neither of these documents identifies any list of patents. Indeed, question 41 reads as follows: "Identify by date, title and number all art known to Defendant or its attorneys, or predecessors, including patents (domestic and foreign), publications, advertisements, magazines, news and trade paper articles and any public uses, related to or asserted to relate to the Roughcrete Methods and Apparatus as that term is defined in the Complaint." This is Beers' response: *"Answer*: Other than that cited by the U. S. Patent Trademark Office, this investigation is not complete and the information has not been documented. *Objection*: The question is premature and the considerations involved and investigations have not been completed." In short, no list of relevant patents appears.

The motion must fail primarily because it is too vague and conclusory to provide anything for the court to rule on. It does little more than raise the possibility that there might conceivably have been some prior art not considered. For example, one assertion in one of Beers' briefs states that certain "prior art is far more pertinent and more relevant than anything considered by the Examiner...." That appears to be a value judgment, and is nowhere supported with information or argument. Again, in another brief Beers states that "Details of such publications, prior uses, sales or offer of sale can and will be made available to the PTO by way of documentary evidence discovered and testimony elicited during discovery proceedings in this litigation...." This constitutes little more than a statement by Beers that if reissue is ordered Beers will come up with something to offer the PTO, but what that something is, is not well explained.

■ A patent is entitled to a statutory presumption of validity. *Choat v. Rome Industries, Inc.*, 480 F.Supp. 387, 390 (N.D. Ga.1979). This presumption is plainly worthless if anyone sued for infringement can, upon virtually no showing at all, compel a plaintiff–patentee to go through reissue proceedings. Consequently, unless the defendant makes some showing that specific, relevant prior art was not considered, the court should not exercise its discretion to compel an unwilling plaintiff to seek reissue. This court has previously decided that the authority of the court, in proper circumstances, reaches to ordering an unwilling patentee to seek reissue. *Slimfold Manufacturing Co., Inc. v. Kinkead Industries, Inc.*, N.D.Ga., Civil Action No. C78–1798A, (June 13, 1980). Moreover, the court by further order dated November 18, 1980, has adhered to that ruling after considering the recent Seventh Circuit decision, *Johnson & Johnson, Inc. v. Wallace A. Erickson & Co.*, 627 F.2d 57 (7th Cir. 1980). However, before the court will exercise this power, at least some meritorious claim must be raised by the alleged infringer. In the first *Slimfold* order, cited above, and in *Choat v. Rome Industries, Inc., supra*, this court was at pains to detail reasons for which reissue was appropriate in those cases. For example, this paragraph appears in *Slimfold*: "By brief to the court, defendant Kinkead Industries, Inc., avers that it has sold the

division which formerly manufactured and sold the allegedly infringing metal door, and that it has no interest or ownership in the purchasing corporation. Kinkead states that there is thus no need for enjoining it from continuing its infringement. Moreover, defendants have fully agreed to be bound by the decision of the Patent Office and 'will stipulate that prior art considered by the Patent Office during the reissue proceeding will not be submitted to the jury or otherwise used as a defense should it be necessary to have a trial' ".

Beers Construction Company on the instant motion has shown nothing except delay which could be expected to flow from ordering reissue.

The motion for reissue and for stay of proceedings herein is accordingly DENIED.