**BOSTON VLCC TANKERS, INC., II, Boston VLCC Tankers, Inc., IV, Boston VLCC Tankers, Inc., VI, and General Maritime Shipping Corporation, Plaintiffs,**

v.

**BETHLEHEM STEEL CORPORATION, and Posi-Seal International, Inc., Defendants.**

Superior Court of Delaware, New Castle County.

Submitted Feb. 22, 1980.
Decided May 7, 1980.

Thomas Reed Hunt, Jr., Wilmington (argued), Lawrence C. Ashley and Thomas John Allingham, II of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiffs.

R. Franklin Balotti and Richard G. Elliott, Jr., Wilmington (argued) of Richards, Layton & Finger, Wilmington, for defendant Bethlehem Steel Corp.

William Prickett and Richard R. Wier, Jr., Wilmington (argued) of Prickett, Sanders, Jones, Elliott & Kristol, Wilmington, for defendant Posi-Seal Intern., Inc.

O'HARA, Judge.

The matter presently before the Court in this contract and tort action are motions by plaintiffs and defendant Posi-Seal International, Inc. ("Posi-Seal") to stay this action pending the determination of a virtually identical lawsuit which is now before the Superior Court of Rhode Island. Defendant Bethlehem Steel Corp. ("Bethlehem") opposes both motions. The facts necessary to disposition of these motions are not seriously disputed by the parties and are briefly set out below.

The underlying controversy centers around a series of contracts between one or more of the plaintiffs and Bethlehem, in which Bethlehem agreed to design and manufacture three Very Large Crude Car-

riers ("VLCC's"), *i. e.*, supertankers, to be purchased by plaintiffs. Posi-Seal designed and manufactured certain pumping valves for taking on and discharging cargo oil and ballast which Bethlehem incorporated into the three VLCC's. Plaintiffs now claim that these valves were defectively designed and manufactured in that they failed to operate properly and deteriorated inordinately quickly. Total damages claimed for repairs, duties, penalties, fines, deprivation of use, and diminution of market value exceed $3.5 million.

On May 2, 1979, at approximately 3:45 P.M. plaintiffs filed the first lawsuit in Rhode Island. Only Bethlehem was initially made a defendant in that action, as plaintiffs did not believe they could obtain personal jurisdiction over Posi-Seal in that forum by compulsory process. However, because both Bethlehem and Posi-Seal are Delaware corporations and are thus arguably amenable to suit in this State,[1] plaintiffs filed a second lawsuit against both defendants in this Court on May 2, 1979 at 5:06 P.M. Thus, the Rhode Island action was commenced approximately one hour and twenty minutes before the Delaware action.

After preliminary discussions among counsel, Posi-Seal voluntarily assented to the assertion of personal jurisdiction over it in the Rhode Island action and was consequently joined as a party thereto on September 10, 1979. At that time both actions became identical *vis-à-vis* parties and claims. On September 21, 1979, Bethlehem filed a motion to stay the proceedings in Rhode Island. This motion was opposed by plaintiffs and Posi-Seal. On September 28, 1979, plaintiffs filed their motion to stay the proceedings in this Court; Posi-Seal filed its companion motion in this Court on

October 2, 1979. On the morning of October 4, 1979, the day set for argument on its Rhode Island motion, Bethlehem moved to withdraw its stay request and was allowed to do so by the Rhode Island Superior Court. Although some preliminary discovery steps have been taken in both lawsuits, the parties agreed to forego further discovery efforts pending resolution of the Delaware motions. Consequently, both actions are at the same pretrial stage.

■ The principles governing the grant or denial of a stay were delineated in *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.*, Del.Supr., 263 A.2d 281 (1970), and have been elaborated upon in later cases. The question is addressed to the sound discretion of the trial court and is to be determined in light of all the facts and circumstances and in the interest of expeditious and economic administration of justice. *Life Assurance Co. of Pa. v. Associated Investors International Corp.*, Del.Ch., 312 A.2d 337 (1973). The factors to be considered in determining whether to stay an action are essentially the same as those considered in determining whether to grant a dismissal under the *forum non conveniens* doctrine, and include the following:

1) Applicability of Delaware law:

2) Relative ease of access to proof;

3) Availability of compulsory process for witnesses;

4) The pendency or nonpendency of a similar action or actions in another jurisdiction; and

5) All other practical considerations which would make the trial easy, expeditious and inexpensive.

1. In the wake of *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), some doubts have been expressed as to whether mere incorporation in a state will render an entity subject to personal jurisdiction in such state for purposes of a lawsuit otherwise unrelated to the forum. The concurring and dissenting opinion of Mr. Justice Brennan, *id.* at 219–28, 97 S.Ct. at 2588–92, which appears to adopt the position that mere incorporation may

be a sufficient contact under the rule of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), gives these doubts a not insubstantial basis. *See Papendick v. Bosch*, Del.Super., 389 A.2d 1315, 1318–19 (1978), *rev'd*, Del.Supr., 410 A.2d 148 (1979), *cert. denied*, —— U.S. ——, 100 S.Ct. 1837, 64 L.Ed.2d 262 (1980). The question is an interesting one, but is not presented for resolution in the context of the instant motions.

*Id.* at 340; *Lear Siegler, Inc. v. Sargent Industries, Inc.,* Del.Super., 374 A.2d 273 (1977).[2] The discretion to grant a *forum non conveniens* dismissal in cases where there is no prior action pending elsewhere is to be used sparingly. However, where a stay is sought in favor of a prior pending action, the Court's discretion should be freely exercised in favor of the stay. *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.,* above, 263 A.2d at 283. Applying the above listed factors to this case, the Court is persuaded that a stay should be granted.

First, the parties agree that neither Delaware nor Rhode Island law governs the substantive issues in this case. Therefore, this factor is neutral.

Second, plaintiffs and Posi-Seal argue that the underlying controversy primarily concerns the design and manufacture of special valves by Posi-Seal at its plant in North Stonington, Connecticut, only fifty miles from the courthouse in Rhode Island. Therefore, they argue that the proofs necessary in this case are more accessible to Rhode Island. Bethlehem counters by arguing that the case primarily concerns its manufacture of the three supertankers which was done at the Sparrows Point Yard near Baltimore, Maryland; thus, the necessary proofs are said to be more accessible to Delaware. Although the parties' arguments on this point are near equipoise, the fact that the controversy is most precisely related to Posi-Seal's design and manufacture of the special valves tends to give greater weight to plaintiffs' and Posi-Seal's position.

Third, the Court is not persuaded that compulsory process for necessary witnesses is significantly more available in Delaware than in Rhode Island. Given that none of the critical events took place in either state, it is doubtful that the necessary witnesses are more likely to be found in Delaware as opposed to Rhode Island. Bethlehem argues that employees of certain nonparty corporations, the J. J. Henry Co. and Interocean Management Corp., should be witnesses at trial, and both of these corporations have registered agents in Delaware for service of process. However, Interocean Management Corp. has agreed to subject itself to subpoena process in the Rhode Island litigation. At any rate, it is premature at this point to assume the necessity for and unavailability of unnamed witnesses who may or may not even be in the employ of the subject companies at the time of trial. Also, the Court notes that procedures are available to the parties in Rhode Island for compelling discovery as to witnesses who do not reside therein.

■ Under the analysis outlined in *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.,* above, the fourth factor, *i. e.,* the pendency or nonpendency of a similar action in another jurisdiction, is generally thought to be of some significance in determining whether the Court should freely or sparingly exercise its discretion on an application for a stay or a dismissal. Where there is a prior action pending in another jurisdiction, in a court capable of doing prompt and complete justice, the Court's discretion should be freely exercised in favor of the stay. The rationale behind the rule, *i. e.,* to honor the plaintiff's choice of forum and to give due deference to "considerations of comity and the necessities of an orderly and efficient administration of justice," *id.,* 263 A.2d at 283, has much less force when applied in the unique context of the case at bar. Plaintiffs chose both the Delaware and the Rhode Island forums, and the Rhode Island action was commenced a mere one hour and twenty minutes before the Delaware action. Under such circumstances, the weight to be attached to the fact that the Rhode Island action preceded the Delaware action is minimal. However, such weight as may prop-

---

**2.** A sixth factor is sometimes mentioned, *i. e.,* the possibility of viewing the premises related to the controversy. *Life Assurance Co. v. Pa. v. Associated Investors International Corp.,* above, 312 A.2d at 340. This factor is not a consideration in the case *sub judice* since the "premises" in question, *i. e.,* the supertankers, are too large to be brought into port in Delaware, Rhode Island or any other place relatively close to either forum.

erly be given to this factor goes in favor of granting a stay.

■ Fifth, the Court believes that practical considerations also militate in favor of granting a stay in this case. Bethlehem, one of the largest corporations in the entire country, argues rather weakly that because of the close proximity of its Sparrows Point operation to this State, Delaware is a much more convenient forum for it to go to trial than Rhode Island. This is supposedly because necessary witnesses will be absent from the Sparrows point operation for less time thus minimizing disruption to Bethlehem's activities at the Yard. The Court has some difficulty in accepting Bethlehem's premise that a trial in Rhode Island will cause significantly greater disruption at Sparrows Point than will a trial in Delaware. Posi-Seal, on the other hand, is a relatively small corporation with only fourteen employees and officers. Its entire operation is in North Stonington, Connecticut, where all design, manufacture, and pre-installation testing activities related to the allegedly defective valves took place. The Court is persuaded that the eventual trial in this case is likely to be rather complex and lengthy and will require the presence of many, if not all of Posi-Seal's employees as witnesses. Because of its small size the Court is further persuaded that the prolonged absence of such employees from the North Stonington plant, which would probably be necessitated by a trial in Delaware, might "seriously and substantially disrupt Posi-Seal's entire business" and might "have the effect of virtually shutting down Posi-Seal's operations." See affidavit of Louis Scheps, Vice President for Posi-Seal, attached to Posi-Seal's reply brief. The adverse impacts of litigation to Rhode Island on Posi-Seal's day-to-day operations are more likely to be minimal, as the North Stonington plant is within fifty miles of the Rhode Island courthouse. As between Bethlehem and Posi-Seal, this final factor throws decisive weight on Posi-Seal's side of the scales and warrants the grant of a stay in this case.

In the interest of "expeditious and economic administration of justice," the Court feels compelled to make note of one further factor it considered in deciding to grant the requested stay. As mentioned above, prior to the filing of the instant motions Bethlehem had filed a similar motion to stay the Rhode Island proceedings. On the day of oral argument Bethlehem withdrew that motion. In the Court's opinion proper respect for expeditious and economic administration of justice should have persuaded Bethlehem to proceed to argue its Rhode Island motion on the merits, since a decision on that motion would have obviated the necessity of the instant proceeding on plaintiffs' and Posi-Seal's motions. The proffered explanation of Bethlehem's counsel, *i. e.*, that this Court rather than its counterpart in Rhode Island should decide which litigation should proceed first because Rhode Island has no connection with this case, is no more persuasive than any other *non sequitur.* Certainly the Rhode Island Superior Court is as capable as this Court to determine whether or not a stay should be granted under the facts of this case, and surely would have done so long before now had Bethlehem proceeded with its motion there. It seems inappropriate under the circumstances presented for this Court to grant relief indirectly to Bethlehem by denying the instant motions, when Bethlehem itself, for whatever reasons, declined to affirmatively pursue the relief potentially available to it in the Rhode Island forum.

In conclusion and based on the foregoing analysis, the Court has determined that the pending motions should be granted. This action will, therefore, be stayed pending final determination of the Rhode Island litigation. However, this order is conditioned on the prompt and efficient prosecution of the Rhode Island action by all parties, and the Court will reconsider this order at any time an appropriate application is made.

IT IS SO ORDERED.