**HARBOR INSURANCE COMPANY, Plaintiff,**

v.

**NEWMONT MINING CORPORATION, a corporation; Newmont Services Limited, a corporation; Idarado Mining Company, a corporation; and Res–Asarco Joint Venture, a joint venture, Defendants.**

Superior Court of Delaware,
New Castle County.

Submitted: May 11, 1988.
Decided: April 10, 1989.

James F. Bailey of James F. Bailey & Associates, P.A., Wilmington, and Howard Lieber of Conklin & Roadhouse, Chicago, Ill., for plaintiff Harbor Ins. Co.

Michael D. Goldman and Peter J. Walsh, Jr. of Potter, Anderson & Corroon, Wilmington, and Robert Tofel of Fine, Tofel, Saxe and Barelson, New York City, for defendant Newmont Min. Corp.

## OPINION

MARTIN, Judge.

Defendants, Newmont Mining Corporation, Newmont Services Limited, Idarado Mining Company and Res–Asarco Joint Venture ("Newmont"), move to stay this action brought by Plaintiff, Harbor Insurance Company ("Harbor") pending a determination by the Colorado Court of Appeals in the case of *Industrial Indemnity Company v. Hecla Mining Company, et al.*, 87 CA 0092. For the reasons stated herein, the Court denies Defendants' motion.

### Statement of Facts

Harbor, an insurance company incorporated in California, brought this declaratory judgment suit against Newmont, a mining corporation incorporated in Delaware. Harbor is asking the Court to find that, under insurance policies it issued to Newmont, it has no duty to defend or indemnify Newmont for claims brought against Newmont in the U.S. District Court for the District of Colorado.

Newmont has now moved for a stay of this action pending the outcome of the *Hecla* case. Newmont and the Hecla Mining Company ("Hecla") are defendants in separate but related cases brought by the State of Colorado and the Environmental Protection Agency. Hecla is a third-party defendant. These suits are brought under the Comprehensive Environmental Response, Compensation and Liability Act of (CERCLA) 1980, 42 U.S.C. § 9601, *et seq.*

Upon being impleaded as a third-party defendant in the Colorado litigation, Hecla notified its general liability carrier, Industrial Indemnity Company ("Industrial") and requested that Industrial defend and indemnify Hecla in this litigation. Industrial responded by bringing suit in the District Court for the City and County of Denver in which it sought a declaratory judgment that it was not obligated under insurance policies it had issued to Hecla to defend or indemnify Hecla in the Colorado litigation.

The District Court for the City and County of Denver held that Industrial has an obligation to defend Hecla. The District Court did not rule on the question of whether or not Industrial had an obligation to indemnify Hecla because this issue was not then ripe for adjudication. Industrial has appealed this decision and this appeal is pending in the Colorado Court of Appeals (an intermediate level of appellate review in the Court of Appeals).

The *Hecla* case and the case at bar involve insurance companies seeking declaratory judgments that they need not defend or indemnify their insureds for actions brought against the insureds under CERCLA. However, the parties are not the same and the insurance contracts at issue are not identical. This Court must determine whether the present action should be stayed pending the outcome of the *Hecla* case which involves similar but not identical parties and issues.

### Discussion

Newmont contends that a stay of this proceeding should be granted in order to simplify the issues presented here. Newmont further asserts that hardship and inequity will result if this Court does not await the *Hecla* decision because the resolution of that case will resolve one or more of the issues presented before this Court. Harbor argues that both the issues *and* parties are different, therefore a stay will not achieve simplification of this proceeding.

Both parties agree this Court has the power to stay this proceeding in order to simplify it. The Delaware Superior Court clearly stated that this power exists:

"by virtue of the fact that the Court has the right to control the disposition of causes on its docket; that the exercise of this power is discretionary; that this discretion may be properly asserted on the ground that another action is pending in a different jurisdiction, even though not between the same parties and even though the issues are not identical in all respects, where the other action will probably settle or greatly simplify the issues presented."

*Lanova Corporation v. Atlas Imperial Diesel Engine Co.*, Del.Super., 64 A.2d 419 (1949), *citing inter alia Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

Numerous cases are cited by Newmont to support their contention that a stay will simplify these proceedings and assure the fair and expeditious resolution of the present case. *PIC, Inc. v. Prescon Corp.*, 77 F.R.D. 678 (D.Del.1977) *Milton Roy Co. v. Bausch & Lomb Inc.*, 418 F.Supp. 975 D.Del. (1976); *Liberty Mutual Insurance Co. v. Foremost–McKesson, Inc.*, 751 F.2d 475 (1st Cir.1985). In *PIC*, the plaintiff brought an action for patent infringement. Plaintiff's motion to stay the proceedings pending a determination by the Patent and Trademark Office ("PTO") of plaintiff's reissue application was granted because the Court found that reissue applications to the PTO were "special in that a determination by the PTO would clearly assist the Court in determining the outcome of the case." [1] The Court followed Rule 35 CFR § 1.175 (1977). This rule states that "a federal court may if it chooses, stay proceedings" while awaiting the outcome of the reissue application. In the case at bar there is no special rule which suggests the appropriateness of a stay. Contrastingly, in *PIC* it was clear that a stay pending the resolution of the reissue application would benefit the Court's analysis of the entire case as suggested in Rule 35.

The Court in *Milton Roy* was concerned with comity between Federal and State Courts. The Federal Court granted a stay because the *same* patents were at issue in State litigation which had been pending for three years. It was clear that the pending State litigation would resolve the identical issue brought in the Federal Court because the identical patents were at issue in the State Court. Thus the Federal Court granted a stay in order to simplify the litigation before it. In the present case it is not clear that the pending *Hecla* case will resolve any issue here. The insurance contracts which are at issue in each declaratory judgment action are not identical and even if it can be shown that they are similar, the differences will likely alter the outcome of each case so that they are distinguishable. In the *Liberty Mutual* case a stay was granted where the prior pending action was more comprehensive and involved the same parties and issues, unlike the case at bar. The Court expressly required "exceptional circumstances" be present, such as identical parties and issues, before a stay may be granted. These cases cited by Newmont address the situation of identical parties and issues. In the case at bar neither the parties nor the issues are the same. Where the issues *and* parties are not identical it is not apparent that a stay will simplify the proceeding. Newmont has only shown that the parties in both actions are similarly situated and that the issues are similar. These similarities are not by themselves of sufficient weight to assure simplification of the case at bar.

Harbor cites a number of cases to support their contention that where the parties and issues are not identical, a stay will not simplify, or result in a fair and equitable resolution. *Coaxial Communications, Inc. v. CNA Financial Corp.*, Del.Supr., 367 A.2d 994 (1976); *Boston VLCC Tankers, Inc. v. Bethlehem Steel*, Del.Super., 415 A.2d 492 (1980); *Texas City Refining,*

---

1. "Reissue applications are 'special' and are to be acted upon in advance of other applications." 37 C.F.R. § 1.176 (1977), Manual of Patent Examining Procedure §§ 1401–09 (1976).

*Inc. v. Grand Bahama Petroleum Co., Ltd.*, Del.Supr., 347 A.2d 657 (1975). In the *Coaxial* case the Court found that it has the discretion to grant a stay if the Court in the prior pending action is capable of resolving the issues promptly and completely.[2]

In the present action the fact that the parties *and* issues are different assures that the Colorado Court will not completely resolve the issues presented here by deciding the *Hecla* case. Further, the pending *Hecla* litigation is only in an intermediate level of appellate review with the real potential of further appeals and indefinite delay if a stay were granted. A Court has the discretion to grant a stay if the Court in the prior pending action is capable of resolving the issues promptly and completely. Harbor points out that aside from the fact that the parties and issues are different the pending litigation is only in an intermediate level of appellate review with the real potential of further appeals and indefinite delay to the present case should this Court grant a stay. It seems obvious that the Court in *Hecla* is not capable of resolving the issues presented here, either promptly or completely. Harbor reasons that the movant has not shown that a stay will assure the most expeditious and economical resolution of this case. The *Boston VLCC* case had identical parties and issues. The Court in that case found that it will grant a stay where the moving party shows that it is in the interest of the expeditious and economical administration of justice. Harbor asserts that a stay here will not expedite this case; in fact the delay would be neither expeditious nor economical where the pending (*Hecla*) litigation will not clearly affect the resolution of this case. We find that, where it can not be shown that a granting of a stay will clearly assist in the simplification of a case, it is clear that a delay will not be in the interest of the expeditious or economical administration of justice.

Harbor further contends that Newmont has failed to meet its burden of showing that hardship or inequity will result should the Court deny the stay. The Court in *Lanova* stated that the burden is on the movant to clearly show "hardship or inequity so great as to overbalance all possible inconvenience of delay to his opponent." Similarly, in *Texas City*, the Court found that the movant did not meet its burden of showing inconvenience and hardship. There, the movant argued that because Delaware law did not apply and prospective witnesses reside in the State where the prior pending action is located a stay should be granted. The Court refused to delay the exercise of its jurisdiction. It is apparent to this Court that Newmont has not sustained its burden of showing inequity or hardship. The inconvenience of delay to Harbor can not be justified by the mere possibility that the prior pending *Hecla* litigation will simplify this case. There, the movant has not met its burden.

Newmont argues that a choice of law question is also presented to this Court. Newmont asserts that Colorado law will most likely control and therefore, this Court will follow the *Hecla* decision. Harbor counters with the argument that under Delaware's choice of law theory Colorado law will not apply and it is not apparent that the *Hecla* decision would be followed by the Delaware Superior Court even if it were determined that Colorado law applies to this proceeding.

Newmont points to § 193 of *Restatement (Second) of Conflict of Laws* which states that an insurance contract, absent an express provision to the contrary, will be governed by the law of the State that the parties understood to be the principal location of the insured risk. The insured risk is in Colorado, therefore, Newmont contends that Colorado law will apply. Harbor counters that Colorado law will not control. The insurance contracts at issue in the present case were apparently negotiated and completed in the State of

---

**2.** Citing *McWane Cast Iron Pipe Corp. v. McDowell Wellman Engineering Co.*, Del.Supr., 263 A.2d 281 (1970).

New York. A majority of the defendants are incorporated in Delaware.[3] Harbor argues that under 16 Am.Jur.2d *Conflict of Laws* § 5, at 16 (1979) it is the State with the "most significant relationship" whose law will be applied. Harbor contends that the State of Colorado does not meet this test; the State of Delaware or New York have a more significant relationship than does Colorado. The current theory on the choice of law question in Delaware is the "most significant contacts" theory of § 188(1) *Restatement (Second) of Conflict of Laws* (1971).[4] Without a clearer showing by defendant that Colorado law applies it is not evident that Colorado meets the "most significant contacts". Further even if this Court should find that Colorado law is applicable it is not evident that the *Helca* case would be followed. To be precise, I find that this question on the choice of law issue is premature and need not be addressed at this time.

## CONCLUSION

In Delaware, a stay may be granted if it will substantially simplify the proceeding and the moving party can clearly show that hardship or inequity will be avoided. Identical parties and issues are not required.[5] However, there is a presumption that when both parties *and* issues are different a stay will not simplify the proceeding. Here the movant will have a greater burden in proving that hardship or inequity will be avoided by a stay.

The Court must also consider such factors as Plaintiff's choice of forum, avoidance of unnecessary delay, the relative burden to either party and the probability that the other pending action will actually resolve any questions in the case at bar. Additionally it is critical that duplicative and piece-meal litigation in these cases be avoided.[6] The risk of piecemeal or duplicative litigation is not present here and therefore will not be a factor for this Court to consider.

Newmont, as the moving party, has not met the burden of showing hardship or inequity which will be sufficient to cause a motion to stay to be granted.[7] The prior pending *Hecla* case involves different parties.[8] The insurance contracts which are at issue are not identical. While it is possible that the resolution of the *Hecla* case may be of guidance to this Court it is not this Court's duty to delay on the mere chance of that occurrence. Plaintiff, has chosen this forum and Defendants have not shown that this action would be prejudicial should it continue. The burden placed on Plaintiff

**3.** Newmont Mining Corporation, Idorado Mining Company, Resurrection Mining Company and Newmont Mining Services, Ltd., are all incorporated in Delaware. Res–Arco is a joint venture formed by Asaico, Inc., a New Jersey corporation. Plaintiff, Harbor Insurance Company, is incorporated in the state of California.

**4.** "In deciding choice of law questions Delaware Courts have traditionally applied the rule that the construction and validity of a contract is governed by the law of the place where the contract is made. More recently, however, the Delaware Courts have moved toward the 'most significant contacts' theory of the *Restatement (Second) of Conflict of Laws*, § 188(i) (1971)". *Arthur Lipper Corp. v. Great American Resources*, Del.Super., C.A. No. 18748, Martin, Judge, 1987 WL 18748 (Oct. 15, 1987).

**5.** *Arthur L. Monheit, et al. v. Thomas F. O'Neil, et al.*, Del. Ch., C.A. No. 6149, Harnett, III, V.C., slip. op at 2 (Dec. 10, 1980). The Court found that "it is not necessary that the parties or issues be identical with those in the prior action". However, in order to justify a stay it must be clear that "disposition of the prior actions will probably settle or greatly simplify the issues presented in Delaware."

**6.** *General Reinsurance Corporation v. CIBA–Geigy Corporation*, 853 F.2d 78, 81 (2nd Cir.1988).

**7.** *Stepak v. Columbia Pictures Entertainment, Inc. et al.; Siegman v. Tri–Star Pictures, Inc., et al.*, Del.Ch., C.A. No. 9620, 9477 Jacobs, V.C., 1988 WL 55307 (May 27, 1988). "On a motion to stay the Court will balance the advantages of a stay (e.g., avoidance of delay, expense and duplication) against the hardship caused by the stay ..."

**8.** "where the parties are not identical, there appears to be great reluctance in granting a stay, and instead the courts discretion will be used sparingly and only upon a clear showing by the moving party of hardship or inequity so great as to overbalance all possible inconvenience of delay to his opponent". *Crusader Enterprises, Inc. v. Delaware Commission on Massage, Establishments and Adult Bookstores and The State of Delaware*, Del.Ch., C.A. No. 5603 Hartnett, III, V.C. (Sept. 1, 1978).

should a stay be granted would not be warranted from the facts stated above. Further, the prior pending case is now in the Colorado Court of Appeals (an intermediate Court of Appeals) and will likely be appealed to a higher Court thereby delaying a final resolution of the *Hecla* case and of this case for an unreasonable time to the Plaintiff and defendant here. In order to prevent an unwarranted delay defendants motion to stay this proceeding is denied.

IT IS SO ORDERED.